BOARD OF WATER COMMISSIONERS OF THE VILLAGE OF CLINTON, Respondent, *v.* THEODORE W. DWIGHT et al., Appellants.

The act of 1885 (Chap. 17, Laws of 1885), entitled "An act for the relief of the village of Clinton," is not violative of the constitutional provision (State Const., art. 3, § 16), declaring that no private or local bill "shall embrace more than one subject and that shall be expressed in the title"; and said act was within the authority of the legislature and is valid.

Said act, although a local, is not a private one.

Where prior to the passage of said act proceedings had been commenced by the board of water commissioners of said village under the act of 1875 (Chap. 181, Laws of 1875), authorizing villages to furnish pure and wholesome water to their inhabitants, and an application for the appointment of commissioners to appraise damages had been denied at Special Term, on the ground of non-compliance with the requirements of the act last mentioned—*Held*, that the act of 1885 was properly before the General Term on appeal from the Special Term order, and rendered a decision upon the original proceedings unimportant; and that, therefore, a reversal of the order of Special Term with leave to make "application to the Special Term for the appointment of commissioners," was proper.

(Argued November 24, 1885; decided December 8, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made April 21, 1885, which reversed an order of Special Term, denying an application for the appointment of commissioners in proceedings under the act of 1875 (Chap. 181, Laws of 1875) to appraise the damages by reason of the taking of water from Miller creek to supply the village of Clinton. The General Term order authorized application to be made to the Special Term for the appointment of commissioners.

The material facts are stated in the opinion.

*William Kernan* for appellants.    Chapter 17 of the Laws of 1885 is unconstitutional as violating article 3, section 16 of the State Constitution, which provides that no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title. (*Rochester* v. *Briggs*, 50 N. Y. 553 ; *Matter of Blodgett*, 89 id. 392.)    The act under consideration is a "local" bill. (*People* v. *Supervisors*, 43 N. Y. 10; *Kerrigan* v. *Force*, 68 id. 383.)    The General Term erred in resorting to chapter 17 of the Laws of 1885, passed since the argument before that court, as a ground for reversing the judgment at Special Term.    A court cannot take "judicial notice" of a private statute. (1 Greenl. on Ev. [14th ed.] 8 ; *Broad S. H. Co.* v. *Weaver*, 57 Ala. 26 ; *Perdecaris* v. *Trenton*, 5 Dutch. [N. J.] 367 ; *Alleghany* v. *Nelson*, 25 Penn. St. 332 ; Code of Civ. Pro., § 530.)    Documentary evidence can be put in evidence at the General Term, or even in the Court of Appeals, only to uphold a judgment, not to reverse it. (*Stillwell* v. *Carpenter*, 62 N. Y. 639 ; *Porter* v. *Waring*, 69 id. 250.)    An appellate court can reverse a judgment only when it is shown that the court below erred in deciding the case on the evidence before it. (*Stillwell* v. *Carpenter*, 62 N. Y. 639 ; *Porter* v. *Waring*, 69 id. 250 ; *Bowrel* v. *Bigler*, 19 Ohio, 362 ; *The Grace Werdler*, 7 Wall. 196.)

*C. D. Adams* for respondent.    The proceedings on the part

of the village or water commissioners, under the Laws of 1875, were legal and regular. (*Fleming* v. *Village of Suspension Bridge*, 92 N. Y. 368.) Chapter 17, Laws of 1885, was sufficient to cure any supposed irregularities or defects in such proceedings. (63 N. Y. 239, 244; 66 id. 129–137; 82 id. 204–210; Cooley on Const. Lim. 371, 379.)

DANFORTH, J. The proceeding was instituted by the board of water commissioners of the village of Clinton, for the purpose of acquiring water from Miller brook for the use and supply of that village. To that end, under section 6 of the act of 1875, entitled "An act to authorize the villages of the State of New York to furnish pure and wholesome water to the inhabitants thereof" (Chap. 181), they presented a petition to the Supreme Court, asking that commissioners be appointed to determine the damages sustained by its owners by reason "of the taking and use of said water." The application was opposed by them, and denied at Special Term upon the ground that certain provisions of the act of 1875 (*supra*) had not been complied with by the petitioners, but the decision was reversed at General Term, and leave given to make "application to the Special Term for the appointment of commissioners," upon the ground, as stated in the order, that the errors and omissions complained of were cured by the act of 1885 (Chap. 17), entitled "An act for the relief of the village of Clinton," and, therefore, it was deemed unnecessary for the court to examine the merits of the controversy.

The appellant contends that the court erred in giving that effect to the statute, saying, *first*, that it violates article 3, section 16, of the Constitution, which provides that "no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title."

It must be conceded that the words of the title are very general, but they are comprehensive and do express a single intent, which the body of the act neither exceeds nor contradicts. It has been held that the purpose of the provision was, that neither the members of the legislature nor the public should be misled by the title of an act, and thereby various objects, having

no necessary or natural connection with each other, be united in one bill. There is here neither that danger nor that result. The board of water commissioners represented the village of Clinton, and the irregularities complained of, and which, if they existed, rendered inoperative the commissioners' act, affected proceedings in which the village was alone interested, and by the non-completion of which they were prejudiced. The first section confirms and makes those acts effective and legal. The second section relates to the vote of the electors, without which, duly given, the commissioners had no power to proceed with any duty under the act of 1875 (*supra*). This vote and the certificate of the result, it (§ 2) declares valid and lawful, and authorizes and requires the commissioners to perform each duty and act imposed by the statute of 1875. The subject in each section and the enactment are for the relief of the village of Clinton, and we think that well expressed in the title, although it states neither the mode in which the subject is treated, nor the means by which the end is to be reached. (*Conner* v. *Mayor, etc.*, 1 Seld. 285; *Brewster* v. *Syracuse*, 19 N. Y. 116; *People* v. *Lawrence*, 41 id. 137; *Gordon* v. *Cornes*, 47 id. 608.)

Other objections to the act of 1885 are made by the learned counsel for the appellant, but we think them untenable. Although a local, it is not a private act. It concerns a whole community and not particular persons nor a private enterprise. The act, therefore, was properly before the Supreme Court, and that court could not be required to pass upon the merits of the controversy, unaffected by it. (*Geer's Case*, 82 N. Y. 575.) The statute was within the authority of the legislature, and seems to have been passed to prevent public inconvenience. It is not denied by the appellant that, if valid, it cures the defects and errors under the original proceedings, and we do not consider them. But upon the ground that the act of 1885 is valid and sufficient, and a decision, therefore, upon the original proceedings unimportant, we think the order appealed from should be affirmed.

All concur.

Order affirmed.