Proceedings for the probate of the last will and testament of Virginia S. Kaufman, deceased. From a decree of the surrogate refusing probate of the will the executor, Adolph L. Sanger, appeals.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*M. S. & I. S. Isaacs,* (*Louis Marshall* and *Adolph L. Sanger*, of counsel,) for appellant. *Wise & Lichtenstein,* (*Morris S. Wise,* of counsel,) for respondent.

VAN BRUNT, P. J. On the 5th of March, 1886, the testatrix was the widow of one David Dillon, and on that day duly executed her last will and testament. On the 25th of January, 1888, the said testatrix married one Jackson S. Kaufman, and in December, 1890, died, leaving her surviving her husband, the said Jackson S. Kaufman, and one Mildred Dillon, a daughter by her former marriage. The will above mentioned having been offered for probate, such probate was refused by the surrogate, upon the ground that the marriage of the testatrix subsequent to the execution of the will revokes the same, and from the decree thereupon entered this appeal is taken. Section 44, p. 64, 2 Rev. St., is as follows: "A will executed by an unmarried woman shall be deemed revoked by her subsequent marriage." It is claimed by the appellant that the testatrix, being a widow at the time she executed this will, was not an unmarried woman upon the theory that the statute meant a woman who had never been married. Although the counsel both for appellant and respondent have devoted much time to the discussion of this proposition, we do not see that there is any room for argument, as a widow is certainly not a married woman, and, if she is not, the statute applies. None of the authorities cited have the slightest application to such a condition of affairs, and the court cannot either amend or repeal the statute because of legislation in respect to the *status* of married women which has come into existence since the passage of the Revised Statutes. The decree should be affirmed, with costs. All concur.

---

COMMERCIAL UNION ASSUR. CO., Limited, *v.* SMITH *et al.*

(*Supreme Court, General Term, First Department.* October 16, 1891.)

APPEAL—DISMISSAL—ABANDONMENT OF CONTROVERSY.

In an action to enjoin defendants from using a corporate name similar to plaintiff's, the complaint was dismissed at the trial on the merits, with costs. *Held* that, where it appeared on appeal, from the arguments of counsel, that defendants had abandoned the use of the name in question, it was unnecessary to inquire whether plaintiff had made out a case for an injunction at the trial, and the appeal should be dismissed. BARRETT, J., dissenting.

Appeal from special term, New York county.

Action by the Commercial Union Assurance Company, Limited, against Morris H. Smith, the Commercial Union Life Insurance Company, and others, for an injunction to restrain defendants from using the name "Commercial Union" in their life insurance company to be organized. From a judgment dismissing the complaint on the merits, with costs, plaintiff appeals. For former report, see 2 N. Y. Supp. 296.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Butler, Stillman & Hubbard,* (*John Notman* and *William Allen Butler,* of counsel,) for appellant. *Johnes & Willcox,* (*Robert G. Ingersoll* and *Henry C. Willcox,* of counsel,) for respondents.

BARTLETT, J. I think we ought to dismiss this appeal. There is no longer any real controversy between the parties. The purpose of the action was to prevent the defendants from using the name or title of "Commercial Union" as the designation of a life insurance company to be organized to do

business in the state of New York. The plaintiff failed in the court below. Nevertheless, as appears from the statements of counsel made in the course of their arguments before us, the defendants have concluded to abandon, and have abandoned, the use of the name which the plaintiff sought to enjoin them from using. An injunction having become needless to protect the plaintiff, it is unnecessary to inquire whether the plaintiff made out a case for an injunction upon the trial. Appellate courts may properly refuse to pass upon abstract questions, where no actual relief is really sought. *People* v. *Common Council*, 82 N. Y. 575; *Grow* v. *Garlock*, 29 Hun, 598. Appeal dismissed, without costs.

VAN BRUNT, P. J., concurs.

BARRETT, J., (*dissenting.*) The question presented is not, in my judgment, an abstract one. It involves a genuine issue, none the less so because we are told by the counsel that since the judgment the defendants have abandoned the use of the name sought to be enjoined. The defendants may resume their original position to-morrow, and the plaintiff will be barred by the judgment appealed from. And, further, the complaint was dismissed below upon the merits, with costs. By our refusal to consider the appeal, the plaintiff will have to pay these costs. I think it is our duty to decide the case, and I am therefore constrained to dissent from the dismissal of the appeal.