SOLOMON FLEISCHMAN and Another, Respondents, *v.* GERTRUDE FLEISCHMAN and Another, as Executors, etc., of DAVID FLEISCHMAN, Deceased, Appellants, Impleaded, etc.

*Abstract questions not passed on by the appellate courts.*

An appellate court will not pass upon mere abstract questions from the determination of which no practical result can follow.

APPEAL by the defendants, Gertrude Fleischman and another, as executors, etc., of David Fleischman, deceased, from an order of

the Supreme Court, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Albany on the 26th day of February, 1894, denying the defendants' motion for an order requiring the plaintiffs to reply to new matter set up in the answer of the defendants.

*Chas. B. Cole,* for the appellants.

*J. Newton Fiero,* for the respondents.

PER CURIAM :

This is an appeal from an order denying defendants' motion that plaintiffs be required to reply to the new matter set up in the answer. There is also submitted an appeal from an order in the same action made at the same time granting plaintiffs' motion to discontinue the action as to said appealing defendants. The two appeals were argued together.

There can be no object, therefore, in passing upon the question submitted to us on this appeal. The defendants have ceased to be parties to the action. Should we conclude to reverse the order, the plaintiffs cannot be compelled to serve a reply. The only effect of a decision would be to obtain the opinion of this court upon the legal questions involved.

Appellate courts have uniformly refused to pass upon "mere abstract questions from the determination of which no practical result can follow." (*People ex rel. Gilbert Geer, Jr.,* v. *Common Council of Troy et al.,* 82 N. Y. 575 ; *The Commercial Union Assurance Co. (Lim.)* v. *Morris H. Smith et al.,* 40 N. Y. St. Repr. 758.)

The appeal should be dismissed, without costs to either party.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Appeal dismissed, without costs to either party.