McCARTY v. NATURAL CARBONIC GAS CO.

(Supreme Court, Appellate Division, Third Department.   November 13, 1907.)

APPEAL—DISMISSAL—GROUNDS—WANT OF ACTUAL CONTROVERSY.

   Where an appeal from an order of the Special Term suspending a judgment enjoining defendant from burning soft coal for generating steam, which order was entered after affirmance of the judgment by the Court of Appeals, and was therefore urged to have been entered without jurisdiction, was not argued until over a month after the period of suspension had expired, the appeal will be dismissed; nothing remaining but the abstract question.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3122.]

Appeal from Special Term, Saratoga County.

Action by Richard H. McCarty against the Natural Carbonic Gas Company to enjoin defendant from burning soft coal for generating steam. From an order suspending for 30 days the judgment enjoining defendant from so doing, after affirmance of such judgment by the Appellate Division and Court of Appeals, plaintiff appeals. Appeal dismissed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and NEWELL, JJ.

George R. Salisbury, for appellant.
Hiram C. Todd, for respondent.

CHESTER, J.   The order appealed from suspends for 30 days the provision in the judgment enjoining the defendant from burning soft coal on its property for generating steam; such suspension being for the purpose of allowing the defendant to make the necessary changes in its plant in order to use hard coal for generating steam. The order was made after the judgment containing such injunction had been affirmed by this court and the Court of Appeals. McCarty v. Natural Carbonic Gas Co., 114 App. Div. 908, 100 N. Y. Supp. 1127; S. C., 189 N. Y. 46, 81 N. E. 549. It is now urged by the appellant that the Special Term was without jurisdiction to grant the order in question, as its effect was to modify a judgment after its affirmance by the court of last resort.

The order was made July 19, 1907. It in terms suspended the injunction "for 30 days from the date hereof." Such suspension expired, therefore, on August 19, 1907, over a month before the argument of this appeal. There remains, therefore, only an abstract or academic question for determination. Nothing now stands in the way of the enforcement of the plaintiff's judgment according to its terms. No practical result can be reached by deciding the question, and, following the course usual in such cases, we think we should dismiss the appeal. Fleischman v. Fleischman, 80 Hun, 90, 30 N. Y. Supp. 22; Matter of Woodworth, 64 Hun, 522, 19 N. Y. Supp. 525; People ex rel. Geer v. Com. Council of Troy, 82 N. Y. 579; Matter of Manning, 139 N. Y. 446, 34 N. E. 931.

Appeal dismissed, without costs.   All concur.