AMERICAN RATTAN AND REED MANUFACTURING COMPANY, INC., Respondent, v. HANDEL-MAATSCHAPPIJ MORAUX & COMPANY, Appellant. (Appeal No. 1.)

Second Department, December 10, 1920.

**Attachment — power of attorney to release — appeal.**

The attorney for an attaching creditor has power to release the attachment. Where an attachment has been so withdrawn an appeal based thereon cannot be sustained.

APPEAL by the defendant, Handel-Maatschappij Moraux & Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the

clerk of the county of Kings on the 13th day of May, 1920, denying defendant's motion to vacate a warrant of attachment.

On March 30, 1920, an attachment was issued to the sheriff of New York county against defendant, as a foreign corporation. It was based on an unfulfilled award by arbitrators, which had become the subject of a demand on October 18, 1916. An order for publication of the summons followed on April 29, 1920. Defendant, appearing specially, moved to vacate the attachment for the alleged insufficiency of the moving affidavits. On May 13, 1920, this was denied, with ten dollars costs, by the order now under review. But by the appeal record it appears that on July 9, 1920, the original attachment had been returned, with the sheriff's notation "Withdrawn, No property found."

*Martin Lippman,* for the appellant.

*Arthur H. Haaren,* for the respondent.

Putnam, J.:

By virtue of his general power over matters of procedure an attorney can control attachments. Hence the attorneys for the attaching creditor had power to release this attachment. (*Moulton* v. *Bowker,* 115 Mass. 36; *Marble* v. *Jamesville Manufacturing Co.,* 163 id. 171.) Having been so withdrawn, the attachment is not now in existence. Plaintiff, indeed, might take out a new attachment and so use this affidavit a second time (*Mojarrieta* v. *Saenz,* 80 N. Y. 547), but this would be under an independent order. Therefore this appeal over an attachment now dissolved has nothing substantial remaining. (*Commercial Union Assur. Co., Ltd.,* v. *Smith,* 16 N. Y. Supp. 114; *Woodruff* v. *Austin,* 16 Misc. Rep. 543.) It is, therefore, dismissed, but without costs.

Jenks, P. J., Rich, Blackmar and Kelly, JJ., concur.

Appeal dismissed, without costs.