## ORANGE COUNTY,

### FEBRUARY TERM, 1838.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
    "   STEPHEN ROYCE,    } *Assistant Justices.*
    "   ISAAC F. REDFIELD,  }

### BILLA WOODWARD *v.* ARAUNAH SPEAR.

An appeal from the sentence or decree of a court of probate must be to the next stated session of the Supreme Court after the time of granting the appeal.

No person can appeal from the sentence or decree of a court of probate, appointing an administrator, or petition for the repeal of letters of administration, unless he has an interest in the estate to have a due and proper administration.

When an administrator, duly appointed, has commenced an action of ejectment, the defendant or his voucher cannot petition for a repeal of the letters of administration, if he has no interest in the estate as a creditor, heir &c.

THIS was an appeal from a decree of the probate court for the district of Randolph, dismissing the petition of said Woodward, for the repeal of letters of administration, granted by said court to the petitionee, upon the estate of Benjamin Emmons, deceased.

The petitioner alleged that Emmons, the intestate, was, at the time of his death, a resident of St. Charles, in the state

of Missouri; that the only estate, in the state of Vermont, of which he died seized, was a lot of land in Roxbury, in the probate district of Washington;—and that the petitioner had deeded said lot, and had been cited by his grantees to defend an action of ejectment, brought by the petitionee against said grantees, to recover the possession of said lot.

The decree of the probate court, appealed from, was made on the 17th of February, 1836. The term of the Supreme Court for the county of Orange, for the year 1836, commenced on the first day of March. The appeal was taken on the 7th day of the same March, to the February term of this court, 1837, at which term-the court made an order of notice to the petitionee, which has been complied with. At the same term, the petitionee moved that the petition be dismissed upon the following grounds, to wit;—

1. That he was never notified that an appeal was taken from the probate court, in said matter, or that the same was to be entered in this court; nor was any order of notice made by said probate court;—

2. That the said Woodward was neither a creditor nor heir to said estate and had no right to prefer said petition;—

3. That the appeal was not taken to the term of this court then next following the date of the decree appealed from.

*L. B. Peck,* for petitionee.

1. The appeal should have been taken to the term of this court, holden in this county, next after the refusal of the probate court to repeal the letters of administration. The " *next stated session,*" within the meaning of the seventh section of the act of Nov. 15, 1821, (Comp. Stat. 333.) is the term of the court, holden next after the decision of the probate court, and not the one holden next after the expiration of the twenty days.

2. The appellant cannot sustain this appeal. He is a stranger to the estate, and in no way interested therein. He had no right to call on the probate court to vacate the letters of administration, granted to the appellee, inasmuch as it does not appear that he is either heir, creditor or even debtor, to the estate. A party, to sustain an appeal from the sentence or decree of a probate court, must bring himself within the statute, by showing that he is interested in the settle-

Woodward
v.
Spear.

ment of the estate. *Penniman* v. *French*, 2 Mass. R. 140. *Downing* v. *Porter*, 9 do. 386. *Swan* v. *Piquet*, 3 Pick. 443. *Swan* v. *Wheeler*, 4 Day, 137.

*W. Upham*, for petitioner.

1. Woodward had sufficient interest in the question, to authorize him to prefer this petition.

When it was filed and served, Spear was, as administrator of Emmons, prosecuting an action of ejectment, for the recovery of lands, in which Woodward was directly interested. He was therefore aggrieved and dissatisfied with the appointment, and might have appealed from the decision of the court making it, if he had been present. Stat. 333, § 7.

2. A probate or grant of letters of administration may be revoked in two ways; first, on a suit by citation; and secondly, on an appeal to a higher tribunal to reverse the sentence, by which they were granted. 1 Williams on Executors, 348.

3. An administration, procured by fraud or misrepresentation, is treated as voidable, and will be revoked on petition brought for that purpose. *Toller's* Executors, 120, 121. 1 Williams, on Executors, 359, 360. 11 Vin. Ab. 114, 117.

4. The false representations made by Spear to the probate court, in order to induce the judge to grant him administration, are sufficient to authorize this court to revoke the appointment. See authorities before cited.

5. Administration is to be granted by the probate court, for the district where the intestate was last an inhabitant, and if not an inhabitant of the state, for the district in which the intestate had estate real or personal. Statute, 338, sect. 28.

6. If the intestate, therefore, had no estate, either real or personal, in the district of Randolph, no administration could have been properly taken out there. And the letter, which issued upon the false suggestion of Spear, should be revoked.

The opinion of the Court was delivered by

WILLIAMS, C. J.—The object of the petition to the court of probate, was to repeal the letters of administration which had been granted to the petitionee The probate court decided against the petitioner, from which he appealed

t this court. The sentence or decree of the court, was made on the 17th of February, 1836. The court sat in this county on the first day of March in that year; the appeal was taken on the 5th day of March, to the term of the court in 1837. The appellee now moves to dismiss the appeal on three grounds stated in his motion.

Upon the first exception it is sufficient to remark, that the court, at the last term, ordered notice to be given to the appellants, which was complied with. It is not usual in this court to dimiss an appeal from the court of probate, for the want of notice, but to order notice to be given, as they did in this case.

The third exception is not well founded, and affords no reason for dismissing the appeal. The statute is, that any person or persons, aggrieved at, or dissatisfied with any order, sentence, &c., may, within twenty days thereafter, appeal therefrom to the next stated session of the supreme court;—the construction of which must be, that the appeal is to the next session of the court, after the appeal is taken. A different construction might be attended with very great inconvenience, as limiting too much the right to appeal, and interfering with the provision for giving notice to all concerned.

The second ground for dismissing the petition is entititled to more consideration. The petitioner has no interest in the estate of the deceased, that it should be properly administered. His interest is, that no administration should be granted. We cannot believe, that in giving this right of appeal to any person aggrieved, it was intended that any one, who felt dissatisfied, without having any interest whatever in the estate, might subject an administrator to the expense and trouble of establishing his claim to the administration, or that the estate should be subject to that expense, to gratify an individual, in no way connected with the estate. The person aggrieved must be some one having an interest in the estate, or in some way connected with it, and, for that reason, interested to have a suitable and proper person appointed administrator, and to have the estate duly and properly administered. The petitioner, in this case, has no such interest. His petition must, therefore, be dismissed, and the decree of the probate court thereon, which was to this effect, must be affirmed.