Hemmenway *v.* Corey.

---

SARAH HEMMENWAY *v.* LUTHER COREY, Appellant.

When land is assigned by the probate court as dower, one who is not interested in the estate of the deceased, but who claims that he is seized and possessed of the same land by virtue of a title independent of, and adverse to that of the deceased, cannot be allowed to appeal from the decision of the probate court setting out the dower.

APPEAL from the court of probate. The appellee filed a petition in the probate court for the district of Addison, praying that dower might be assigned to her in certain lands, of which she alledged her

29

late husband, Vashni Hemmenway, died seized and possessed, in Bridport. The probate court appointed commissioners according to the prayer of the petition, and accepted their report, setting out dower to her in the lands described. The appellant filed his objections to the acceptance of the report, setting forth that he then was, and had been for many years, the owner and in possession of a part of the land which was set out by the commissioners as dower of the appellee, and that said Vashni Hemmenway did not die seized or possessed of said land, or of any part thereof, and that the appellant claimed title to said land independent of said Vashni, and adverse to him.

The appellee filed a motion in the county court to dismiss the appeal, and the court sustained the motion, and dismissed the appeal, on the ground that it appeared that the appellant was in no way interested in the estate of said Vashni, either as heir, or creditor, &c., but was a stranger to the proceedings, and therefore not entitled to take an appeal. Exceptions by appellant.

*H. Seymour* and *C. Linsley* for appellant.

The statute [Rev. St. c. 44, § 28] provides that "any person, interested in any order, sentence, decree, or denial of any probate court, and considering himself injured thereby, may appeal," &c. The right to appeal is not limited by it to such persons, only, as are interested in the *estate* of the deceased, but is given to any person interested in the *order*, &c. In this case the appellant claims to be the owner and occupier of the land assigned as dower; and he is interested in this decree, because, until he can get a correct decision from another tribunal, it is an incumbrance upon his land, and will prevent his either selling or raising money upon it. The proceedings in the probate court constitute one step necessary to enable the appellee to sustain ejectment for the land; hence the person interested should be at liberty to object at the outset.

The true question is, is it proper for the probate court to inquire whether the widow claiming dower has any just claim, and whether her husband died seized. If this is a proper inquiry for that court to make, then it is proper that persons interested in that question, —to wit, the title to the land proposed to be set out,—should be permitted to appear and object to the proceedings. It is no answer,

Hemmenway *v.* Corey.

to say that this does not settle the controversy;—for it is a good reply to that, that the setting out the dower is an apparent incumbrance, fortified by the action of a court, and would, in the market, effectually taint the property.

*J. Maeck* for appellee.

To entitle a party to appeal from the decree of a probate court, he must have some interest in the *estate;* in which case the decision, if not appealed from, will bind his rights. But it is obvious, in this case, that, if the appellant claims the land by title adverse to the estate, as is admitted, the decree of the probate court could not affect his right to the land; and, if so, he cannot be said to be injured by the decree, or to possess such an interest as would entitle him to appeal from it.

The opinion of the court was delivered by

WILLIAMS, Ch. J. This is a motion to dismiss an appeal taken by Corey, the appellant, from the decree of the court of probate setting out the dower of the appellee. Corey was neither an heir, creditor, legatee, executor, or administrator, or otherwise interested in the estate of the deceased. The statute is, that any person *interested* in any order, &c., may appeal.

It is obvious that a person claiming in any estate, as widow, heir, &c., who may have occasion to obtain any order, sentence, or decree of a court of probate, cannot be obliged to contest this right with any one who is disposed to volunteer in a lawsuit, and take an appeal. The persons entitled to an appeal are those who have some legal interest which may, by the decree of the court, be either enlarged or diminished. The appellant has no such interest, but claims wholly adverse; and it must be immaterial to him, whether the dower of the widow is set off in this particular land, or whether the land is set off to an heir, or whether the administrator shall still retain it; he cannot choose the plaintiff, who shall contend with him for it. This subject was fully considered in the case of *Woodward* v. *Spear,* 10 Vt. 420, and this very case may be considered as decided by that. This is the only question in the case, which it is necessary for us to decide.

The judgment of the county court is therefore affirmed.