THE PEOPLE ex rel. GILBERT GEER, JR., et al., Appellants, *v.* THE COMMON COUNCIL OF THE. CITY OF TROY et al., Respondents.

The Court of Appeals will not decide mere abstract questions from the determination of which no practical result can follow.

Where, therefore, on appeal from an order denying an application for a mandamus to compel the common council of a city to appoint certain officers, it appeared that the official term over which the controversy arose had already expired. *Held*, that the appeal should be dismissed.

(Argued November 9, 1880 ; decided November 16, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, affirming an order of Special Term which denied a motion for a writ of mandamus.

The requirements of the writ asked for and the material facts appear in the opinion.

*Henry Smith* for appellants. The order denying the application was reviewable. (*People* v. *Common Council*, 78 N. Y. 56.)

*R. A. Parmenter* for respondents.

*Per Curiam.* An act of the legislature, passed May 20, 1880 (chap. 328, § 4), required the common council of the city of Troy to elect, within ten days after the passage of that act, four persons as police commissioners, who should "hold their office until the Tuesday succeeding the second Monday of November in the year 1880." The act further provided that upon the last-named date the said common council should elect four police commissioners, two of whom should hold for a term of two years, and two for a term of four years. On the 27th day of May, 1880, a majority of the common council, in the absence of the minority, elected four commissioners who took the oath of office and entered upon their duties. The relator, claiming that the action of the majority of the common coun-

cil was invalid and null, and that the duty imposed by the statute remained unperformed, applied for a writ of mandamus to compel the performance of that duty. The writ was refused and the General Term affirmed the order.

The official term, therefore, over which the controversy arose has already ended. Nobody can be appointed for the disputed period since it has already gone. The new election has presumably occurred, and nothing remains but the abstract question who was right. We do not decide mere abstract questions from the determination of which no practical result can follow. In such cases we have heretofore dismissed the appeal, and see no reason for changing the rule now. (*The People ex rel. The Board of Public Instruction of Albany* v. *The Common Council*, decided June 3, 1879.)*

Appeal dismissed, without costs.

All concur.

Appeal dismissed.

---

* In the case referred to the court declined to hear the appeal, as by lapse of time it could not now make a decision that would be of practical effect. No opinion was written.