HELEN L. HALL, Respondent, v. JOHN P. BROOKS, CLARK BROOKS, Appellant.

No authority is given by the Code of Civil Procedure to order, on motion of the attaching creditor, a person holding property of one, against whom an attachment has been issued, to deliver it to the sheriff.

An action or proceeding to reduce such property to the possession of the sheriff must be instituted by him in his name or in that of the debtor.

Where, however, such an order had been granted " with costs " and had been obeyed by the person holding the property, who claimed no interest therein, *held,* that he was not aggrieved by the order, and could not sustain an appeal therefrom, save so far as it imposed costs upon him.

*Hall* v. *Brooks* (25 Hun, 577), reversed.

(Argued February 28, 1882 ; decided April 25, 1882.)

APPEAL by Clark Brooks from an order of the General Term of the Supreme Court in the second judicial department at the December term, 1881, which reversed an order of Special Term, denying a motion on the part of plaintiff that said Clark Brooks be required to deliver to the sheriff of the city and county of New York certain property belonging to the defendant in this action, against whom an attachment had been issued herein. (Reported below, 25 Hun, 577.)

The order of the General Term directed the delivery of the property and that said Brooks pay personally plaintiff's costs and disbursements. In compliance with the order of General Term, Brooks delivered up the property.

*Henry W. Bookstaver* for appellant. The order appealed from is without authority in law. (Code of Civil Procedure, §§ 649,

650, 651, 655 ; *Skinner* v. *Stuart*, 15 Abb. Pr. 391 ; reversing 13 id. 442.) If the plaintiff or the sheriff was entitled to any relief under the facts in this case, he should have proceeded as provided in section 655 of the Code, either by an action or special proceeding in which the real parties in interest might have been heard. (Code of Civil Procedure, §§ 3333, 3334, 767, 768.) If the property attempted to be levied upon was capable of manual delivery, it was the sheriff's duty to take it wherever he could find it, and to use whatever force might be necessary to enable him to perform his duty. (*Fuller* v. *Mack*, 2 Atk. 415 ; *Platt* v. *Brown*, 16 Pick. 553 ; *Burton* v. *Wilkinson*, 18 Vt. 186 ; *Cantrell* v. *Connor*, 6 Daly, 39 ; *Hubbard* v. *Mace*, 17 Johns. 127 ; *Glover* v. *Whittenhall*, 6 Hill, 597 ; Crocker on Sheriffs, § 444 ; 2 R. S. [Edm. ed.] 441, §§ 80, 81, 82 ; *Yale* v. *Matthews*, 20 How. 430 ; *Haggerty* v. *Wilber*, 16 Johns. 287 ; *Beekman* v. *Lansing*, 3 Wend. 446 ; *Westervelt* v. *Pinckney*, 14 id. 123 ; *Green* v. *Burke*, 23 id. 490 ; *Barker* v. *Binninger*, 4 N. Y. 270 ; *Wood* v. *Orser*, 25 id. 348 ; *Burkhardt* v. *Sanford*, 7 How. Pr. 329 ; Crocker on Sheriffs, § 371.) If the property was not capable of manual delivery, the sheriff could make a levy upon it without seeing it, simply by serving a certified copy of the warrant upon the person holding said property, with a notice showing the property attached. (Code of Civil Procedure, §§ 649, subd. 3, 650, 651 ; *Skinner* v. *Stuart*, 15 Abb. Pr. 391, reversing, 13 id. 442.) The order appealed from is in the nature of a *mandamus*, which is never allowed when the remedy of the party, if any, is clearly by action. (*People* v. *Easton*, 13 Abb. [N. S.] 159 ; *People* v. *Croton Aq. B'd*, 49 Barb. 259, 264.) Section 717 of the Code of Civil Procedure cannot be invoked, because that section is limited to property which is the subject of the action or special proceeding, and this property is not "the subject of the action." (*Whitehead* v. *B. & L. H. R. R. Co.*, 18 How. 218, 223 ; *Pres'dt, etc.* v. *Rutland & W. R. R. Co.*, 10 id. 1, 8.) The remedies provided in the Old Code (§§ 227–243), as amended in the New Code (§§ 635–712), are the only remedies known to the law in attachment proceedings ; and neither

of the remedies thus provided relate to or support a motion or proceeding of this nature. (*Skinner* v. *Stuart*, 15 Abb. Pr. 301; 24 How. Pr. 489; *O'Brien* v. *Mechs. & Trad. F. Ins. Co.*, 14 Abb. Pr. (N. S.) 314, note; *O'Brien* v. *Glenville Woolen Co.*, 50 N. Y. 128; *Thurber* v. *Blanck*, id. 80; *Mech., etc., B'k* v. *Dakin*, 51 id. 519.) The fact that under compulsion, and under protest, Mr. Brooks complied with the imperative order of the court, does not have the effect of destroying his right of appeal. (*Matter of N. Y. C. & H. R. R. R. Co.* v. *Armstrong*, 60 N. Y. 116; *Barker* v. *White*, 58 id. 204; *Higbie* v. *Westlake*, 14 id. 281.)

*Henry G. Atwater* for respondent. The order is not appealable, because Clark Brooks is not a party aggrieved, under section 1294 of the Code. (*Steele* v. *White*, 2 Paige, 478; *Cuyler* v. *Moreland*, 6 id. 273; *Hone* v. *VanSchaick*, 7 id. 222; *Card* v. *Bird*, 10 id. 426; *Kelly* v. *Israel*, 11 id. 152; *Idley* v. *Bowen*, 11 Wend. 223; *Allegheny Bank Appeal*, 48 Penn. St. 328; *Arrowsmith* v. *Rappelye*, 19 La. Ann. 327; *Elcon* v. *Lancasterian School, etc.*, 3 Patton, Jr., & Heath [Va.], 69.) The order of the General Term is sustainable under section 655 of the New Code of Civil Procedure. (*Dezell* v. *Odell*, 3 Hill, 215; *White* v. *Madison*, 26 N. Y. 126; *U. S.* v. *Graff*, 67 Barb. 304.)

RAPALLO, J. The only authority to make the order appealed from is such as can be found in section 655 of the Code of Civil Procedure, which provides that in executing an attachment, the sheriff may maintain an action or special proceeding in his own name or in the name of the defendant, to reduce to his actual possession an article of personal property capable of manual delivery, but of which he has been unable to obtain possession.

No authority is given to order a person holding property of the attached debtor to deliver it to the sheriff, on motion of the attaching creditor. The action or proceeding for that purpose must be instituted by the sheriff, either in his own name or that of the debtor.

The order appealed from was not made in any action or pro-
ceeding instituted by the sheriff, but was made in the action
in which the attachment was issued, and on motion of the at-
torney for the plaintiff in that action.    The sheriff does not
appear to have been a party to the proceeding.    For this rea-
son the order was irregular and unauthorized.    The respondent,
however, moves to dismiss the appeal on the ground · that the
appellant has obeyed the order and delivered the property to
the sheriff, and this fact is proved by affidavit and conceded,
though it is denied that such obedience was voluntary.

If the appellant had any interest in the property delivered
up, which would entitle him to restitution upon a reversal of
the order, we should sustain his appeal.    But he does not claim
any such interest, and, on the contrary, states in his affidavit
that he has no personal interest whatever in any of the pro-
ceedings.    He has not, therefore, been aggrieved by the order
except in so far as it adjudges costs against him.    That part of
the order should be reversed and the appeal as to the residue
dismissed, without costs in this court to either party.

All concur, except TRACY, J., absent.

Ordered accordingly.