## McFARLAND ET AL. *v.* PIERCE ET AL.

[No. 17,938.   Filed Jan. 8, 1897.   Rehearing denied May 19, 1897.]

APPEAL AND ERROR.—*Joint Assignment of Error.*—*Parties.*—Where one of the parties in a joint assignment of error has no appealable interest therein, no question in favor of the other party can be presented on such joint assignment.   *pp. 547-549.*

SAME.—*Corporations.*—*Parties.*—*Receivers.*—A stockholder and general manager of a corporation has not such interest in a judgment appointing a receiver of the corporation as to become a proper party appellant in an appeal from such judgment.   *pp. 547-549.*

From the Randolph Circuit Court.   *Affirmed.*

*J. S. Engle* and *W. G. Parry*, for appellants.

*J. W. Thompson, Jesse Canaday* and *F. C. Focht*, for appellees.

HACKNEY, J.—The appellees sued the appellants Abraham W. McFarland, The Ridgeville Milling Company, a corporation, and two others, seeking an accounting by said McFarland and others, as the officers and managers of said company, and the appointment, without notice, of a receiver, pending the litigation, to take the custody of the property, books, and effects of said Milling Company.

The circuit court, on April 20, 1896, appointed a receiver as prayed, and on the 21st day of April, as shown by the bill of exceptions, but on the 22nd day of April, as shown by the order book entry, said McFarland and said Milling Company entered a special appearance "for the special purpose of making objections and taking exceptions to the appointment of a receiver."   Upon the face of the documents filed by them in entering such appearance, and objec-

tions, it is recited that the same were filed April 20, 1896, and it is recited also that said receiver had then been appointed. Said objections were over-ruled, an exception was reserved, and this appeal was perfected. The assignment of error is by "the appellants Abraham W. McFarland and the Ridge-ville Milling Company" jointly, and of the numerous specifications of error counsel say they "bring in review before this court the sufficiency of the complaint to justify the appointment of a receiver *ex parte* without notice."

Appellees object to a consideration by us of any question assignable by said Milling Company alone, and they insist that said company alone could complain of the appointment of a receiver, and since it has not separately assigned error, no question arises for decision. By section 1245, Burns' R. S. 1894 (1231, R. S. 1881), the right of appeal from the appointment of a receiver is given only to "the party aggrieved." Our first inquiry, therefore, is as to whether, in a legal sense, McFarland was aggrieved by said appointment, for if he was not, and the Milling Company has joined him in the assignment of error, when there is no available error as to him, there can be no joint assignment made available. *Medical College, etc., v. Commingor*, 140 Ind. 296; *Goss v. Wallace*, 140 Ind. 541; *Armstrong v. Dunn*, 143 Ind. 433. The allegations of the complaint sought nothing with reference to the separate property of McFarland, and nothing with reference to joint property of McFarland and the Milling Company. McFarland was a stockholder in the Milling Company, and was charged with misconducting the affairs of said company and appropriating its moneys to his own uses. The allegations as to an accounting are not before us to determine McFarland's interest in the suit, inasmuch as

that branch of the controversy has not reached this court. As a stockholder his interest in the company was held in common with the other stockholders, and the interests, as such, of all stockholders were represented in and by the corporation defendant. He was not a party to the complaint because he was a stockholder, and for the purposes of the appointment of a receiver it cannot be maintained that as a stockholder he was a proper or necessary party. He was made a party to respond to the primary allegations of the complaint and cause of action wherein he was charged personally with bad faith, and it was sought to require him to account and pay for the use of the company the funds belonging to and withheld from it. "The word 'aggrieved' in the statute refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation." *People* v. *Kent,* 4 N. Y. Wkly. Dig. 62; *Reid* v. *Vanderheyden,* 5 Cow. (N. Y.) 719; *Steele* v. *White,* 2 Paige (N. Y.) 478; *Colden* v. *Botts,* 12 Wend. 234; *Kelly* v. *Israel,* 11 Paige (N. Y.) 147; *Card* v. *Bird,* 10 Paige (N. Y.) 426; *Bush* v. *Rochester, etc., Bank,* 48 N. Y. 659; *Hall* v. *Brooks,* 89 N. Y. 33; *Grow* v. *Garlock,* 29 Hun 598; *People* v. *City of Troy,* 82 N. Y. 575. "To be 'aggrieved' is to have a legal right the infringement of which by the decree complained of will cause pecuniary injury." *Hewitt's Appeal,* 58 Conn. 226, 20 Atl. 453; *Dickerson's Appeal,* 55 Conn. 223, 10 Atl. 194; *Andress* v. *Andress,* 46 N. J. Eq. 528, 22 Atl. 124; *Swackhamer* v. *Kline,* 25 N. J. Eq. 503; *Parker* v. *Reynolds,* 32 N. J. Eq. 293.

The appellant must have a legal interest which will be enlarged or diminished by the result of the appeal. *Woodard* v. *Spear,* 10 Vt. 420; *Hemmenway* v. *Corey,* 16 Vt. 225; 2 Ency. Pl. & Pr., p. 170; *Wiggin* v. *Swett,* 6 Metc. 194; *Lewis* v. *Bolitho,* 6 Gray 137;

McFarland *et al. v.* Pierce *et al.*

*Lawless* v. *Reagan*, 128 Mich. 592; *Deering* v. *Adams*, 34 Me. 41. Under any of these definitions the appellant McFarland has no appealable interest in the one question now in this court,—the appointment of a receiver. If he has any interest to be affected by that action it is but remote and contingent, and that interest is of a corporate character and its legal representative is in court. That interest may be protected alone by such legal proceedings as the corporation may employ, and the stockholder cannot, in his individual capacity, dictate the course nor set up his judgment against the course chosen by the corporation, so long as it does not act *ultra vires*. Having concluded that McFarland had no appealable interest, the joint assignment of himself and the company presented no question in favor of the company alone. The judgment is affirmed.

### ON PETITION FOR REHEARING.

HACKNEY, J.—Our holding that McFarland had no appealable interest in the matter of the appointment of a receiver for the Milling Company is questioned, first, because McFarland, employed as the manager of the milling plant, had a financial interest in the question to the extent of his compensation as manager; and second, because, as such manager, he was in possession of the property. His possession is that of the corporation; he is the mere agent of and custodian for the corporation, with no alleged interest above that of a servant. In his own right he makes no claim of possession, and his every interest in possession is merged in that of the corporation. His financial interest is that of a salaried agent of the corporation.

To maintain a possessory or financial interest in the property in behalf of McFarland would render it

necessary, in every case of the appointment of a receiver for a corporation, to make defendants and give an appealable interest to the servants drawing salaries and, as servants, holding custody of all or any part of the corporate property. The superintendent of a railway, the manager of a gas plant or a manufactory would certainly possess no appealable interest in a proceeding against any such corporation for the appointment of a receiver of the corporate property. If McFarland, by reason of the fact that a receiver might cut off his salary as an agent of the company, could interpose to deny the right to such receiver the same could be said of any employe of any corporation. When it is remembered that the servant has no interest in the corporate property or its possession above that of the corporation itself, it at once appears that that which precludes the corporation precludes such servant.

The petition is overruled.