## IN RE GEORGE VARNUM.

October Term, 1897.

Present: Ross, C. J., Rowell, Tyler and Thompson, JJ.

*Who May Appeal from Appointment of Guardian.*

The wife of a person adjudged insane and incapable of taking care of himself and his estate, is not entitled to an appeal from such adjudication.

V. S. 2584, conferring the right of appeal upon "a person interested in an order, sentence or denial of a probate court . . . . . except as otherwise provided by law," relates to decrees made during the settlement of decedents' estates, and not to the appointment of guardians, as to which it is "otherwise provided by law," namely, V. S. 2754, that the party proceeded against may appeal. The express grant of the right to him excludes the inference that it belongs to every person interested.

*Nimblet* v. *Chaffee*, 24 Vt. 628, adhered to.

APPEAL FROM PROBATE. Heard on petition to dismiss the appeal at the May Term, 1897, Windsor County, *Start*, J., presiding. The motion was denied. The petitioner excepted.

*Hunton & Stickney* for the petitioner.

*Warren C. French* for the appellant.

Ross, C. J. The only question for consideration is: Has the wife of a person, adjudged insane and incapable of taking care of himself and his estate, the right of appeal from such adjudication?

The right of appeal is conferred by statute. The appellant claims the right under V. S. 2584 reading: "A person interested in an order, sentence, decree or denial of a probate court who considers himself aggrieved thereby may, except as otherwise provided by law, appeal therefrom." She contends that she is interested in, whether any person shall be appointed guardian of her husband, and, if any one, in the selection of the person to be appointed; because by V. S. 2760, such guardian is given the possession and management not only of the person but of the estate of his ward, and the care and custody of such members of his family as are dependent upon him for support, education, or employment. She contends that she is interested in whether her husband shall have his liberty to care for and support her, rather than such a person as the probate court may select as guardian of him and his estate. If this section in regard to appeals from decrees of the probate court, is applicable to this class of cases, we entertain no doubt but she is so interested in the adjudication of the probate court appointing a guardian over her husband, as entitles her to it. This section of the statute, from 1797 to the present, has been connected with, and related to, decrees of the probate court made during the settlement of estates of deceased persons. 1 Tolman's St. 151, Sec. 78; R. S. 251, Sec. 28; Com. St. 324, Sec. 28; Com. St. 374, Sec. 30; V. S. 2584.

The subject of appointment of guardians, especially of *non compos* and insane persons, has always been treated, in the statute, as an independent and separate matter, and the right of appeal has been given only to the person proceeded against, so far as it has been conferred by statute in regard to this subject. Tolman's St. pp. 390 and 401 *et sequens*; R. St. 342, § 54; Com. St. 418, § 67; Gen. St. 486, § 63; V. S. 2754 and 2825. Under the earlier statutes the inquisition was not made by the probate court, but by two justices of the peace, on whose report the probate court appointed or denied the appointment of a guardian. By

the later statutes the inquisition is made directly by the probate court. This change in the manner of making the inquisition has not been accompanied by any change in the statute in regard to appeals from the adjudication of the court. The proceeding is allowed to be instituted by a friend or town officer who, as a rule, has no such interest in the adjudication, either in favor or against the application, as would entitle him to the right of appeal under V. S. 2584. The interest must be one that will, or may, be affected by the decree, to entitle the one having it to an appeal. *Woodward* v. *Spear*, 10 Vt. 420. *Hemmenway* v. *Corey*, 16 Vt. 225.

In *Nimblet* v. *Chaffee*, 24 Vt. 628, this court held that the appeal in this class of cases was within the exception named in V. S. 2584, or was "otherwise provided by law." In that decision the court held, that by giving, in terms, an appeal to the person being proceeded against, the statute impliedly denied an appeal to all others in any way connected with this class of proceedings. That decision has long stood as an expression of the law relating to such appeals, and should be enlarged, if required, by an act of the legislature, and not by a decision of this court.

*Judgment reversed, motion sustained and appeal dismissed. Judgment to be certified to the probate court.*