STATE *v.* CENTRAL VERMONT RAILWAY COMPANY.

January Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed October 30, 1908.

*Railroads—Construction of Statutes—P. S. 4485—Long and Short Haul Clause—"Party Aggrieved"—Recovery of Freight Overcharge—Vendee of Person Overcharged.*

Though remedial statutes should be liberally construed, yet all statutes should be construed in the light of common law principles.

In the construction of statutes, the common law is not to be considered changed by doubtful implication, but only by clear and unambiguous language.

A statute is not to be given a construction at variance with the established rules of procedure, unless that is the manifest intent of the Legislature.

Under P. S. 4485, providing that a railroad corporation shall not charge a larger sum for transportation of freight or passengers for a less distance, to or from a way station on its road, than is charged for a greater distance, and that, if it does so, "the excess so charged may be recovered from said corporation, by the party aggrieved, in an action for money had and received," "the party aggrieved" is the one from whom the overcharge is demanded and collected, and does not include his vendee from whom he recoups himself for the overcharge by an adjustment of the price of the commodity so shipped based on the freight charges exacted.

SPECIAL ASSUMPSIT for damage caused by the payment of freight charges exacted in violation of P. S. 4485. Heard on general demurrer to the declaration at the September Term, 1907, Washington County, *Waterman,* J., presiding. Demurrer overruled, and declaration adjudged sufficient. The defendant excepted. The opinion recites the material allegations of the declaration. See next following case.

*C. W. Witters* and *H. H. Powers* for the defendant.

*Clarke C. Fitts,* Attorney General, for the plaintiff.

The party who is directly injured by the wrong done is the "party aggrieved." Since the excess of freight was added to the price of the coal which the State was compelled to pay, the State is the only party aggrieved. *Pierce* v. *Gould,* 143 Mass. 234; *Martin* v. *Gage,* 147 Mass. 204; *Bank* v. *Walsh,* 82 Am. St. Rep. 301; *Aylsworth* v. *Curtis,* 61 Am. St. Rep. 785.

This is a remedial statute, and as such, if its meaning is doubtful, should be liberally construed in favor of the remedy intended. *White* v. *The Mary Ann,* 65 Am. Dec. 523; *Freeland* v. *McCullough,* 43 Am. Dec. 685; *Orndoff* v. *Turman,* 21 Am. Dec. 624; *McNulta* v. *Lockbridge,* 31 Am. St. Rep. 362.

MUNSON, J. It is provided by V. S. 3901 that "a railroad corporation whose railroad is located in the State, shall not charge a larger sum for freight, merchandise, or passengers thereon for a less distance, to or from a way station on said road, than is charged for a greater distance;" and that "in case of a violation of the provision, the excess so charged may be recovered from said corporation, by the party aggrieved, in an action for money had and received, with costs."

The State, the plaintiff in the case, supplied its asylum in Waterbury with coal bought of the George Hall Coal Company, and shipped by that company from Alburgh to Waterbury over the defendant's line. The defendant charged and collected from the George Hall Company a larger sum for freight on coal shipped from Alburgh to Waterbury than it charged for hauling coal from Alburgh through Waterbury to Montpelier. This excess of freight charge was added by the George Hall Company to the price of its coal, and was paid by the State to the George Hall Company as a part of the purchase price of the coal. The excess so charged, the State now seeks to recover as money had and received by the defendant for the use of the plaintiff.

The question is whether the plaintiff is an aggrieved party. The statute is clearly remedial, and remedial statutes are to be construed liberally to effectuate their purpose. But all statutes capable of more than one construction are to be examined in the light of common law principles.

The expression "aggrieved party" is not a technical one, and the words are to be given their natural meaning. *Robinson* v. *Currey*, 7 Q. B. D. 465, 470. But when used with reference to legal remedies, they must be taken to mean one who is injured in a legal sense. *Green* v. *Blackwell*, 32 N. J. Eq. 768, 772.

The cases are generally those involving the right of appeal. It is said with reference to this right that a person aggrieved is one whose pecuniary interest is directly affected by the adjudication. *Andress* v. *Andress*, 46 N. J. Eq. 528. *Wiggin* v. *Sweet*, 6 Metc. 194. It is said in this State, with reference to probate proceedings, that the persons entitled to appeal as aggrieved or interested persons are those who have some legal interest that may be enlarged or diminished by the decree. *Hemenway* v. *Corey*, 16 Vt. 225; *Woodward* v. *Spear*, 10 Vt. 420.

There are a few cases where the term has been construed as used in statutes providing for the recovery of penalties or damages. See 1 Words and Phrases 273. Under statutes imposing a penalty for selling liquor to minors, it is held that the person aggrieved is the father or mother of the minor, or the person standing *in loco parentis*. *Peavy* v. *Goss*, 90 Tex. 89; *Qualls* v. *Sayles*, 18 Tex. Civ. App. 400. Where a statute made the unlawful furnisher of intoxicating drinks liable for any injury to person or property resulting from a furnishing, in terms treated as sufficiently broad to cover losses from expenditures of money and time,—and provided for the recovery of damages by any one aggrieved; it was held that the father of an unmarried adult son, who had ceased to live with him and was not his servant, could not recover for money and time spent - in curing the son when made helpless by an accident which resulted from the drinking of liquor unlawfully furnished. *Veon* v. *Creaton*, 138 Pa. St. 48. Where an early statute required telegraph companies to transmit messages with impartiality and good faith, and in the order in which they were received, and provided a penalty to be recovered by the person whose dispatch was neglected or postponed, and a later statute, covering the same subject-matter, gave a like penalty to any party aggrieved, the court considered this language insufficient to extend the remedy as determined by its decisions under the earlier statute, and held that the sender of the mes-

sage was the only one who could recover the penalty. *Hadley* v. *Western Union Tel. Co.,* 115 Ind. 191.

The question here is regarding the right to sue. The right to recover an overcharge is given to the party aggrieved. The party aggrieved, in the natural sense, is the one from whom the overcharge is demanded and collected. Does the fact that this person refrains from asserting his remedy, and recoups himself by an adjustment of prices based on the charges exacted, make each one of his purchasers a party aggrieved within the meaning of the statute? The parties thus aggrieved have no relations with the railroad company, and suffer but indirectly from the action of the company through the ordinary operation of the laws of trade. This plaintiff is injuriously affected as every member of the community is injuriously affected who purchases an article of merchandise at an increased price because of the payment by the dealer of an excess of freight charges. If such a payment of freight charges in the form of purchase price entitles the payor to recover from the railroad company, different persons, affected by the action of the company in different ways, are entitled to sue it for the same money. It can hardly be denied that a provision for the recovery of an overpayment points to the parties in whose dealings the overpayment was made, and to the payor therein as the party aggrieved. The loss of the plaintiff flows directly from the action of its vendor, and only indirectly from the defendant's overcharge. It may be substantially injured, but it cannot be brought within the remedy without holding that the right to sue follows the transfer of the property wherever it may be sold with the freight charges transformed into purchase price. A statute is not to be given a construction at variance with established rules of procedure unless the intention of the Legislature is apparent. "The rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language." *Dewey* v. *St. Albans Trust Co.,* 57 Vt. 332.

*Judgment reversed, demurrer sustained, declaration adjudged insufficient, and cause remanded.*