■ ANTONETTA YANARELLA et al., Individually and on Behalf of the YONKERS TEACHERS ASSOCIATION, Appellants, v. CURTIS F. McCLANE et al., Respondents.— In an action for a declaratory judgment and for an injunction, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County, entered February 1, 1961, as: (a) denied in part their motion, pursuant to rules 112 and 113 of the Rules of Civil Practice, for judgment on the pleadings and for summary judgment; (b) granted in part defendants' cross motion for summary judgment; and directed the entry of judgment declaring that defendant Curtis F. McClane is executive secretary and legal counsel of the Yonkers Teachers Association and that he has a valid contract until the end of 1963, which is enforcible against the association and against

the personal property held jointly or in common by all the members of the association. Plaintiffs also appeal from so much of the judgment of said court, entered February 20, 1961 pursuant to said order, as is adverse to them and as failed to grant all the relief sought on their motion. Defendants previously had moved to dismiss the appeals as moot; the motion was denied with leave to renew on the argument of the appeals. The motion has now been renewed by defendants. Motion to dismiss the appeals granted; appeals dismissed, without costs. Defendants' affidavits in support of their motion to dismiss the appeals show that plaintiffs are no longer members of the unincorporated association as to whose internal affairs plaintiffs originally sought a declaratory judgment. It also appears from defendants' affidavits that since the order and judgment appealed from were made, the contract between the association and defendant Curtis F. McClane, of which plaintiffs complained, has been superseded. Plaintiffs have failed to submit any affidavit in opposition to the motion. They take the position that the facts presented on defendants' motion to dismiss the appeals may not be considered by this court in order to determine whether the action presents justiciable issues. It is well settled that, after the initial decision by the lower court, if new facts should come into existence which render the appeal moot, the appellate court may properly consider them (*People ex rel. Geer* v. *Common Council of City of Troy*, 82 N. Y. 575; *Lo Vallo* v. *Bellanca*, 11 A D 2d 901). In the *Geer* case (*supra*) the Court of Appeals said (p. 576) : " The new election has presumably occurred, and nothing remains but the abstract question who was right. We do not decide mere abstract questions from the determination of which no practical result can follow ". From the defendants' affidavits it is clear that nothing here remains but the abstract question of who was right. The court will not determine questions which have become academic. Nor does it appear from a reading of the record submitted on the appeals that, even though the questions have become moot as between the parties, this case presents questions of such importance as to require their resolution by this court in the public interest. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.