KLEIN *v.* CITY OF INDIANAPOLIS.

[No. 30,999. Filed March 9, 1967.]

*Patrick J. Smith, James R. McClarnon,* and *Smith, Morgan & Ryan,* of Indianapolis, for appellant.

*Michael B. Reddington,* corporation counsel, *John F. Mc-Cann, Jr.,* city attorney, and *Jesse Peden,* attorney for board of flood control, for appellees.

MYERS, J.—Appellant, Ethel S. Klein, plaintiff below, filed a complaint to quiet title against appellees in Marion Superior Court, Room No. 6, alleging title to certain described real estate in Marion County, Indiana, which she said is also claimed by appellees. A plea in abatement was filed by appellees in which they set out another cause of action against appellees which they allege was filed by appellant in Marion Superior Court, Room No. 5, involving the same transaction

and the same real estate. It is asserted that this latter cause of action was based upon a statute giving appellant an exclusive remedy and procedure to be followed in determining the controversy. Therefore, the second suit is claimed to be a nonmaintainable action and a collateral attack upon the special proceedings.

There was a demurrer filed to this plea in abatement on the grounds that the plea did not state facts sufficient to abate the action. The demurrer was overruled, and appellant filed her election to stand on demurrer and refused to plead over. The trial court entered judgment as follows (omitting caption and formal parts) :

"Come now the parties by counsel and the demurrer of the plaintiff to the defendants Plea in Abatement is overruled by the Court to which ruling of the Court the plaintiff excepts and the plaintiff now elects to stand on the demurrer heretofore filed and refuses to plead further to said Plea in Abatement of defendants, and stands solely on plaintiff's demurrer.

"Now the Court in default of answer to said Plea in Abatement examines Cause No. S565-428, expressly referred to in Paragraph 1 of said Plea in Abatement from the records of the Superior Court of Marion County, and finds that the same is entitled Appeal from Action of Board of Flood Control Commissioners of the City of Indianapolis; that the parties, plaintiff and defendant to said action, are the same except in said Cause No. S565-428 the members of the Board of Flood Control Commissioners are not individually named; that said other pending cause of action No. S565-428 on its face is an appeal from an award of $12,-000.00 made for the taking of said identical real estate described in plaintiff's quiet title complaint in this cause and that in said appeal proceeding Cause No. S565-428 the same plaintiff contended that there had been no lawful or proper determination that said project is for the general welfare, safety and security of said City, said County or other citizens of either, and that it was taken without adequate compensation in violation of the Constitutions and that the defendants had proceeded without authority of law; that said cause of action No. S565-428 in the Superior Court of Marion County is still pending, that said proceeding appears

the exclusive proceeding for the determination of the transaction between the parties, and that Superior Court Room No. 5, has prior exclusive jurisdiction of such matter as provided by law and that plaintiff's action to quiet title is premature and can not be maintained until the action known as Cause No. S565-428 which has priority by law, is determined and decided.

"That in default of any answer by the said plaintiff controverting said Plea in Abatement, the Court finds that said action should abate until said Cause No. S565-428 is disposed of and determined as prayed for in the Plea, and it is so ordered and adjudged.

"It is further considered and adjudged by the Court that defendants have and recover from plaintiff their costs in this behalf laid out and expended."

There was no trial and no evidence offered. At the time, the first action was not disposed of.

The preceding action, pending in Superior Court, Room No. 5, was a statutory appeal by appellant from proceedings of the Indianapolis Board of Flood Control Commissioners wherein appellant had been awarded the sum of $12,000 for the taking of her property to be used by the City of Indianapolis Board of Flood Control Commissioners in construction of a Dam and Reservoir project. The project was determined a necessity by the Board pursuant to authority granted it by statute. Burns' Ind. Stat., § 48-4730 et seq., 1963 Replacement. If the resolution adopted calls for the acquisition of real property, the Board must comply with the Eminent Domain Act for cities of the first-class. Burns' Ind. Stat., § 48-2101 et seq., 1963 Replacement. The appeal statute specifically provides that the appeal may be made to a Superior Court and that the issues must be restricted to the amount of the award of damages, if insufficient; and other issues, among which would be determination of title, cannot be heard in such statutory appeal. Burns' Ind. Stat., § 48-2112, 1963 Replacement.

In the last half of her Argument, appellant poses two questions to this court:

"(1) Did the legislature create by the Eminent Domain for Cities of the First Class Act an exclusive remedy to determine title to real estate; and

"(2) If such is the meaning of the statute, is it constitutional to deny an aggrieved property holder his right to test title to his real estate?" Appellant's Brief, pp. 36 and 37.

This is the ground which appellant sets forth in an amendment to her original brief upon which this court has jurisdiction to hear and determine this appeal; that the question of rights guaranteed by the State and Federal Constitutions pursuant to Burns' Ind. Stat., § 4-214, 1946 Replacement (Supp.), is presented.

We do not agree with this contention. It has been held consistently that before this court has jurisdiction by reason of a constitutional question, such question must be actually involved and presented. The decision of a constitutional question must be necessary to the decision of appeal before this court has jurisdiction. If the merits of the case can be reached without deciding a constitutional question, the Supreme Court will not take jurisdiction. It is a matter of necessity that it be presented first to the trial court. Flanagan, Hamilton and Wiltrout, *Appellate Practice,* Ch. 42, § 2181, Comment 3, pp. 43 and 44. See *City of East Chicago* v. *Chicago, etc., Transit Co.* (1963), 243 Ind. 590, 595, 189 N. E. 2d 414.

The complaint in this case presented a very simple claim to quiet title to certain described real estate. Appellees filed a plea in abatement urging that there was another suit pending in another court wherein the parties were the same, that the transaction was the same, and that this other suit was a special proceeding which was an exclusive method to determine the controversy between the parties, and asking that this action abate until the pending action was disposed of. A demurrer was filed alleging the plea did not state facts sufficient to abate the action. The demurrer was overruled and appellant elected to stand on her demurrer. Thereafter a judgment was

entered as set forth above. It is to be noted that the only statement in these proceedings concerning constitutional violations was made by the trial court judge when he stated in his entry of judgment that the appellant "contended" in the other case that her property was taken in violation of the Constitutions. This was only a reference to the other case. No other proceedings were held in this matter.

In the first part of her Argument, appellant contends that the plea in abatement herein does not properly lie; that it is not a proper remedy to state a defense to the action; that the other action is not alleged to have been brought before the suit to quiet title or that the two issues were identical; that the plea is not specific. These are all proper matters for a court of appeals to determine as to a case of this sort.

This court has no business, however, to consider and determine the issues of another separate and independent lawsuit brought in another court under a statute not presented by this suit to clear title. The constitutionality of the statute under which these same parties are proceeding is matter for the other trial court to decide.

"It necessarily follows from the decisions in the Slentz and Falendar cases, *supra,* that, notwithstanding the language of the statute [§ 48-2005, *supra*], any issue as to the legality of the condemnation proceedings under the special statute here in question, may be presented on appeal to a trial court, as part of such proceedings. This right to judicial review is significant as related to the question of due process for the reason that the statute [§ 48-2003, *supra*] provides for service of personal notice upon each property owner whose land is appropriated *prior* to final action by the board of public works, which action, in turn, precedes 'appeal' of the proceedings to a court. Thus the owner of the property is given an opportunity to challenge the legality of the proceedings after personal notice is served upon him. In this manner, the right of due process, which requires reasonable notice and a fair opportunity to be heard before final determination, is met. *Falender* v. *Atkins, supra* [186 Ind. 455, 460]." *Hagemann et al.* v. *City of Mount*

*Vernon et al.* (1958), 238 Ind. 613, 621, 622, 154 N. E. 2d 33, 37.

We do not see how the appellant will be prejudiced if the action to quiet title is delayed until that matter is decided one way or the other by the Superior Court, Room No. 5, in due time. She will always have her rights as appellant or appellee in this court.

This appeal is hereby transferred to the Appellate Court as a matter falling within its jurisdiction, pursuant to Burns' Ind. Stat., §§ 4-214 (Supp.), *supra,* and 4-217, 1946 Replacement.

Arterburn, C. J., and Hunter and Mote, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 224 N. E. 2d 42.