THE METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY ET AL. *v.* EDWARD CULLISON, ET AL.

[No. 771A127. Filed February 3, 1972. Rehearing denied March 13, 1972.]

*Harold Kohlmeyer, Jr.*, Corporation Counsel, *David F. Rees*, Assistant City Attorney, Indianapolis City-County Legal Division, for appellants.

*Richard M. Salb*, Indianapolis, for appellees, *William F. LeMond, Kammins, LeMond, Carson & Stewart*, Indianapolis, for *amicus curiae.*

WHITE, J.—This appeal raises but one question: Are the

appellants, the Metropolitan Development Commission of Marion County and The Department of Metropolitan Development of the City of Indianapolis by its Division of Planning and Zoning, or either of them "person[s] aggrieved by a decision of the board of zoning appeals" within the meaning of those words as used in the following statute?

"Sec. 74. Every decision of a board of zoning appeals shall be subject to review by certiorari. The decision of a board of zoning appeals established pursuant to Section 59 of this Act shall not be subject to review by certiorari until after the expiration of the time granted for an appeal by the executive director as specified in section 69. If the executive director takes an appeal, a writ of certiorari may be sought only against the decision of the metropolitan plan commission sitting as a board of zoning appeals.

"Subject to the above limitations, any person aggrieved by a decision of the board of zoning appeals may present to the circuit or superior court of the county in which the premises affected are located a petition duly verified, setting forth that such decision is illegal in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty (30) days after the decision of the board of zoning appeals or if the writ of certiorari is sought against the decision of the metropolitan plan commission sitting as a board of zoning appeals, the petition shall be presented to the court within thirty (30) days after the last day on which the executive director could appeal the decision of the board of zoning appeals to the metropolitan plan commission.

"No change of venue from the county in which the premises affected are located shall be had in any case arising under the provisions of this section." (Ind. Acts 1955, Ch. 283, § 74, as last amended by Ind. Acts 1969, Ch. 299, § 9, being now IC 1971, 18-7-2-76, also Ind. Ann. Stat. § 53-974 (Burns 1971).)

Appellees' motion to dismiss appellants' petition for certiorari, which the trial court sustained, was grounded on the premise that appellants are not "person[s] aggrieved."

After its amendment in 1965 and until its 1969 amendment, the above quoted statute, at the beginning of its second paragraph, read:

*"Any person, including the executive director of the Metropolitan Planning Department, aggrieved by a decision of the Board of Zoning Appeals may present. . . ."*[1]

The emphasized words were added in 1965 and deleted in 1969. From its enactment in 1955 until the 1965 amendment, the words of the first sentence of the second paragraph read exactly as they now read. Furthermore, the judicial review provisions of predecessor statutes (the 1947 act and the 1921 act) authorize "persons . . . aggrieved" to petition for certiorari, but make no mention of such a petition by any public official.[2]

Appellees do not expressly contend that appellants are not persons as that word is defined in the 1955 act.[3] The thrust of their argument is that appellants are not "aggrieved."

The word "aggrieved" is and has been used in our statutes for many years to describe persons or parties authorized by the statute to seek judicial review of decisions by ▮ boards and agencies of government[4] and, in at least one instance, those who may recover penalty for the viola-

---

1.  Ind. Acts 1965, Ch. 434, § 21, p. 1375.

2.  Ind. Acts 1921, Ch. 225, § 5, Ind. Ann. Stat. § 48-2305 (Burns 1933) and Ind. Acts 1947, Ch. 174, § 82, Ind. Ann. Stat. § 53-783 (Burns 1964), IC 1971, 18-7-5-87, both contain these pertinent words:

"Any person or persons, firm or corporation jointly or severally aggrieved by any decision of the board of zoning appeals, may present to the circuit or superior court . . . a petition . . . . [for certiorari]."

3.  Sec. 3, being Ind. Ann. Stat § 53-903 (Burns 1964), also IC 1971, 18-7-2-3, states in pertinent part: "As used in this act . . . 'person' means an individual, firm or corporation." Ind. Acts 1969, Ch. 173, § 809 (5), Ind. Ann. Stat. § 48-9334 (5), IC 1971, 18-4-8-9 (a part of the "Uni-Gov" Act) gives the metropolitan development commission of counties containing a city of the first class "the power to sue and be sued collectively by its legal name styled 'The Metropolitan Development Commission of ————— County' ".

4.  Perhaps the earliest statute of this type still in force is Ind. Ann. Stat. § 26-901 (Burns 1970), IC 1971, 17-1-14-24, which was enacted as 1 R. S. 1852, Ch. 20, § 31. It reads:

"From any decision of such commissioners there shall be allowed an appeal to the circuit or common pleas court, by any person aggrieved; but if such person shall not be a party to the proceeding such appeal shall not be allowed, unless he shall file in the office of the county auditor his affidavit setting forth that he has an interest in the matter

tion of a statute.[5] It has also, as previously noted, been used for at least fifty years in Indiana laws authorizing zoning ordinances.[6] One statute[7] granting the right of appeal to the Supreme Court has also long given that right only to "the party aggrieved." It is an appeal pursuant to that statute which has provided us with our only comprehensive definition of "aggrieved." *McFarland* v. *Pierce* (1897), 151 Ind. 546, 548, 45 N. E. 706, said of that statute:

> " 'The word "aggrieved" in the statute refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation.' *People* v. *Kent*, 4 N. Y. Wkly. Dig. 62; *Reid* v. *Vanderheyden*, 5 Cow. (N. Y.) 719; Steele v. White, 2 Paige (N. Y.) 478; *Colden* v. *Botts*, 12 Wend. 234; *Kelly* v. *Israel*, 11 Paige (N. Y.) 147; *Card* v. *Bird*, 10 Paige (N. Y.) 426; *Bush* v. *Rochester, etc. Bank*, 48 N. Y. 659; *Hall* v. *Brooks*, 89 N. Y. 33; *Grow* v. *Garlock*, 29 Hun 598; *People* v. *City of Troy*, 82 N. Y. 575. 'To be "aggrieved" is to have a legal right the infringement of which by the decree complained of will cause pecuniary injury.' *Hewitt's Appeal*, 58 Conn. 226, 20 Atl. 453; *Dickerson's Appeal*, 55 Conn. 223, 10 Atl. 194; *Andress* v. *Andress*, 46 N. J. Eq. 528, 22 Atl. 124; *Swackhamer* v. *Kline*, 25 N. J. Eq. 503; *Parker* v. *Reynolds*, 32 N. J. Eq. 293.
>
> "The appellant must have a legal interest which will be enlarged or diminished by the result of the appeal. *Woodard* v. *Spear*, 10 Vt. 420; *Hemmenway* v. *Corey*, 16 Vt. 225, 2 Ency. Pl. & Pr., p. 170; *Wiggin* v. *Swett*, 6 Metc. 194; *Lewis* v. *Bolitho*, 6 Gray 137; *Lawless* v. *Reagan*, 128 Mich. 592; *Deering* v. *Adams*, 34 Me. 41."

---

decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest."
A recent statute is section 14 of the Administrative Adjudication and Court Review Act of 1947, Ind. Acts 1947, Ch. 365, § 4, IC 1971, 4-22-1-14, Ind. Ann. Stat. § 63-3014 (Burns 1961) which provides that "[a]ny party or person aggrieved by any order or determination made by any such agency shall be entitled to a judicial review thereof . . . ."

5. Ind. Acts 1885 (Spec. Sess.), Ch. 48, § 3, IC 1971, 8-1-20-3 provides a penalty of $100.00 for violation of the act prescribing duties of telephone and telegraph companies, to be recovered in a civil action by "any party aggrieved."

6. See note 2.

7. Ind. Acts 1881 (Spec. Sess.), Ch. 38, § 254, IC 1971, 34-1-12-10, Ind. Ann. Stat. § 3-2603 (Burns 1968).

In *Fidelity Trust Co.* v. *Downing* (1946), 224 Ind. 457, 68 N. E. 2d 789, the Indiana Supreme Court considered the meaning of "person aggrieved" as that term is used in section 4 of the 1921 Act.[8] The situation in that case bears no analogy to the case at bar but the court did say "that the term *person aggrieved* is not broad enough to include anyone other than the person directly affected by the action of an administrative official or the board. . . ." (224 Ind. at 463.) That statement is consistent with the definition quoted *ante* from *McFarland* v. *Pierce, supra,* particularly: "The appellant must have a legal interest which would be enlarged or diminished by the result of the appeal." (151 Ind. at 548.)

Appellants, in asserting that the Metropolitan Development Commission and the Department of Metropolitan Development are often "aggrieved" by decisions of the board of zoning appeals make no attempt to demonstrate that the commission or the department is "aggrieved" in any legal sense. No attempt is made to show any property interest or any interest not common to the community as a whole. On the contrary, in arguing that the affirmance of the trial court's judgment would be contrary to the public interest, appellants state:

". . . [A] finding by the court that Metropolitan Development . . . cannot be an 'aggrieved person' under the Acts of 1955, Ch. 283, s. 74, as amended, being *Burns Ind. Stats. Ann.* § 53-974 (1970 Supp.) will mean that no person or entity will have a right to question or seek review of a decision of the Board except an individual property owner who is willing to mount the effort and expense of litigation. No entity of government will be able to review or to initiate review of Board decisions in the interest of citizens and in the interest of overall community development and policy."

While it is beyond the power of the Legislature to deny to legally aggrieved persons the right of judicial review of

8.   Ind. Acts 1921, Ch. 225, § 4, Ind. Ann. Stat. § 48-2304 (Burns 1933).

administrative decisions,[9] it has never, to our knowledge, been suggested in any reported decision of an Indiana court that the Legislature must provide such aggrieved persons with an official representative to assert that right for their benefit. Furthermore, it has never been held that the decisions of boards entrusted with the protection of the public interest cannot be made final as to that *public* interest.

Both the Development Commission and the board of zoning appeals are charged with the performance of duties and the exercise of discretion in carrying into effect the public interest in planned development. The board of zoning appeals is empowered to grant variances in cases in which strict adherence to the "plan" could result in hardship. Either the grant or the denial of a variance may infringe upon the legal interests of persons directly affected. Such persons (remonstrators) may elect to assert such grievances by petitioning for certiorari or they may decide to abandon their right to litigate just as they may elect not to sue for redress of other civil wrongs suffered. When no person who is aggrieved by the variance chooses to seek review by certiorari, the public interest may suffer. It can therefore be persuasively argued that some public official or agency should be authorized to seek judicial review in such cases. But when the Legislature has not made that authorization, courts should not be asked to do so by changing the long established and generally understood meaning of "aggrieved" in order to attain a result the Legislature has apparently decided is either unnecessary or undesirable.

Neither plaintiff is a "person aggrieved" and the trial court quite properly dismissed the petition for certiorari.

Judgment affirmed.

9. *Slentz* v. *City of Fort Wayne* (1954), 233 Ind. 226, 233, 118 N. E. 2d 484; *Hagemann* v. *City of Mt. Vernon* (1958), 238 Ind. 613, 621, 154 N. E. 2d 33; *City of Indianapolis* v. *John Clark, Inc.* (1964), 245 Ind. 628, 635, 637, 196 N. E. 2d 896, 201 N. E. 2d 336; *Klein* v. *City of Indianapolis* (1967), 248 Ind. 117, 121, 224 N. E. 2d 42.

Lowdermilk and Sullivan, JJ., concur; Buchanan, J., not participating; Lowdermilk, J., First District, sitting by assignment.

NOTE.—Reported in 277 N. E. 2d 905.

ON PETITION FOR REHEARING

WHITE, J.—For the first time the case of *Wiedenhoft* v. *City of Michigan City* (1968), 250 Ind. 327, 236 N. E. 2d 40, has been called to our attention in appellants' petition for rehearing. That case is of no help to appellants in their attempt to make themselves persons "aggrieved" within the meaning of the certiorari statute (IC 1971, 18-7-2-76, Ind. Ann. Stat. § 53-974 [Burns 1971]) quoted in our initial opinion even though the United States Supreme Court has since held that a federal taxpayer may be shown to have standing to challenge federal legislation.[1]

Appellants, as governmental instrumentalities, play a part in the administrative process of regulating zoning not significantly unlike that of the township assessor in the process of assessing for taxation. In *Fadell* v. *Kovacik* (1962), 242 Ind. 610, 615, 181 N. E. 2d 228, 230, an assessor sought unsuccessfully a circuit court reversal of a final assessment by the State Board of Tax Commissioners which had reduced his initial assessment. In affirming the circuit court's dismissal, Judge Arterburn said:

> "The township assessor is only a part of the administrative process in fixing assessments for taxation. He has no private or personal interest, and should have no interest as a township assessor, other than that which the State has. The State Board of Tax Commissoiners likewise is a part of that administrative procedure. Both the township assessor and the State Board of Tax Commissioners are governmental instrumentalities, representing the State without any personal or private interests. . . .

1. *Flast* v. *Cohen* (1968), 392 U. S. 83, 20 L. Ed. 2d 947, 88 S. Ct. 1942.

"We find nothing in the Statutes which gives the township assessor the right to question the final decision of the State Board of Tax Commissioners, which board, under the statute, is given authority to make a final determination upon appeal, as here."

Appellants' petition for rehearing having failed to convince us that our decision was erroneous is accordingly denied.

Lowdermilk and Sullivan, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 905.