THE METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY, AND THE DEPARTMENT OF METROPOLITAN DEVELOPMENT OF THE CITY OF INDIANAPOLIS, BY ITS DIVISION OF PLANNING AND ZONING v. MATILDA LOSCHE, STUART J. DUNCAN, M.D., METROPOLITAN BOARD OF ZONING APPEALS OF MARION

COUNTY, DIVISION THREE, DONALD EUBANK, CHARLES ROB-
BINS, OTIS LEFEVERS, RICHARD WEIS, AND WARREN C. GIRTON.

[No. 2-173A3. Filed May 16, 1973. Rehearing denied June 12, 1973.
Transfer denied September 24, 1973.]

*Gary R. Landau,* City-County Legal Division, Corporation
Counsel, *David F. Rees,* Deputy Corporation Counsel, of
Indianapolis, for appellants.

*T. H. St. Clair,* of Indianapolis, for appellees.

ON APPELLEE'S MOTION TO DISMISS

PER CURIAM.—This case is before the Court on the Motion
of the defendants-appellees Matilda Losche and Stuart J.
Duncan, M.D., to Dismiss or in the alternative to affirm. Said
motion alleges that the appellants are not proper parties to an
appeal and that they are not "aggrieved persons" entitled to
institute any action for review of a decision of one of its
zoning boards and to appeal the decision of that board.

The relevant statute defining who may appeal decisions of
the board of zoning appeals is IC 18-7-2-76, Burns Indiana
Stat. § 53-974 (1964 Repl. 1972 Supp.) and reads as follows:

"53-974. Petition for writ of certiorari from decision.—
Every decision of a board of zoning appeals shall be subject
to review by certiorari. The decision of a board of zoning
appeals established pursuant to section 59 [§ 53-957] or
section 61 [53-959] of this chapter shall not be subject to
review by certiorari until after the expiration of the time
granted for an appeal by the executive director as specified

in section 71 [§ 53-969]. If the executive director takes an appeal, a writ of certiorari may be sought only against the decision of the metropolitan plan commission sitting as a board of zoning appeals.

"Subject to the above limitations, *any person aggrieved by a decision of the board of zoning appeals, not* including the executive director, *may present to the circuit or superior court of the county in which the premises affected are located a petition duly verified, setting forth that such decision is illegal in whole or in part,* and specifying the grounds of the illegality. The petition shall be presented to the court within thirty [30] days after the decision of the board of zoning appeals or if the writ of certiorari is sought against the decision of the metropolitan plan commission sitting as a board of zoning appeals, the petition shall be presented to the court within thirty [30] days after the decision of the metropolitan plan commission.

"No change of venue from the county in which the premises affected are located shall be had in any case arising under the provisions of this section. [Acts 1955, ch. 283, § 74, p. 786; 1947, ch. 184, § 3, p. 388; 1965, ch. 434, § 21, p. 1375; 1969, ch. 299, § 9, p. 1250; 1972, P.L. 139, § 5, p. 673.]" (Our emphasis)

The appellees Losche and Duncan timely asserted in the trial court that the appellants were not "aggrieved persons" under the statute and hence not proper parties to appeal, by filing their "Motion to Vacate and Set Aside Entry and Motion to Dismiss," and their "Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted, or in the Alternative, Motion for Judgment on the Pleadings." The trial court overruled the appellees' Motions.

In the case of *Metropolitan Development Commisison, et al.,* v. *Cullison, et al.* (1972), 151 Ind. App. 48, 277 N.E.2d 905, this Court discussed at length the term "aggrieved persons" and concluded that neither of the plaintiffs was a "person aggrieved" and therefore neither was authorized by law to seek any judicial review of a decision of one of its own boards of zoning appeals. This Court denied rehearing in *Cullison* on March 13, 1972. No Petition to Transfer was filed, thus the decision of this Court became final and was certified to the trial court on April 5, 1972.

The plaintiffs-appellants in this case are the same as were the plaintiffs-appellants in the *Cullison* case, and therefore the disposition of this case is governed by the *Cullison* case. Upon the authority of *Cullison* and the cases cited therein, we now hold that the plaintiffs-appellants in this case have no standing to bring this appeal. Accordingly, the motion of appellees Losche and Duncan is sustained, and this case is dismissed.

NOTE.—Reported at 295 N.E.2d 836.