WIEDENHOFT *v.* CITY OF MICHIGAN CITY.

[No. 31,073. Filed April 24, 1968.]

*Hilbert L. Bradley,* of Gary, for appellant.

*Frederick H. Krueger,* of Michigan City, *George B. Gavit,* and *Ice Miller Donadio & Ryan,* of Indianapolis, for appellee.

LEWIS, C. J.—This litigation has arisen out of a proposed Urban Renewal Project, number R-46, initiated in the City of Michigan City, Indiana. Essentially, the Project will replace a "blighted area" with newly constructed buildings. The appellant seeks to block this Project, and after an unsuccessful hearing on the matter before the Urban Renewal Commission, he appealed to the LaPorte Circuit Court.

During the trial, evidence was elicited which indicated that the appellant was a depositor-stockholder in the Michigan City Loan and Savings Association, but he did not reside in the area; that he owned no property in the area; that he occupied no property for business or otherwise; and, therefore, nothing of the appellant's is going to be displaced, relocated or disturbed in any manner under the administration of Project R-46.

The appellee, by written objections before the Trial Court, objected to receiving into evidence appellant's remonstrance on the grounds that appellant was not an aggrieved person. The Trial Court overruled appellee's objection, admitted the remonstrance into evidence, and permitted the appellant to give his testimony. The Trial Court then made the following findings of fact:

"8. That the evidence conclusively establishes that the plaintiff does not reside in the area of R-46; that he

neither owns or occupies any property therein; that he operates no place of business in R-46; that he is the recipient of no general or public housing; and that no property owned by the plaintiff or in which the plaintiff has any interest will be taken, displaced, relocated or otherwise affected by the administration of said Urban Renewal Project R-46.

9. That the only interest which plaintiff has in the project area is that of being a shareholder or depositor in a loan and building association now situated therein, but there is no evidence that this interest will be in any manner affected under the administration of R-46.

10. That there is no evidence that any general or special tax will be assessed against the plaintiff or his property by the Redevelopment Commission or the City of Michigan City as a part of said project.

11. That all of the funds used or necessary to carry out the proposed Project R-46 will come as assistance from the federal government."

Ultimately the Trial Court affirmed the judgment of the Commission against the appellant on the basis that he was not an aggrieved person. It is from this decision that the appellant appeals to this Court.

The appellant initiated his appeal to the LaPorte Circuit Court under Burns' Indiana Statutes, Anno., (1963 Repl.), § 48-8555, which reads, in part, as follows:

"Any person(s) who shall have filed a written remonstrance with the redevelopment commissioners as provided in the foregoing section, who is aggrieved by the final action taken, may, within ten [10] days after such final action, file in the office of the clerk of the circuit or superior court a copy of the order of the commissioners and his remonstrance thereto, together with his bond conditioned to pay the costs of such appeal should the appeal be determined against him. . . ."

Under this statute, the remonstrator must be an "aggrieved person" in order to have sufficient standing to initiate the appeal. The issue, which we must determine then, is what constitutes an "aggrieved person." After a thorough search, we are unable to find an Indiana case

which is directly in point, but there are numerous cases from which great aid may be derived in arriving at a just determination of the appellant's rights in the case at bar.

In *McFarland et al.* v. *Pierce et al.* (1897), 151 Ind. 546, 45 N.E. 706, the following three (3) statements appear:

> ". . . 'The word "aggrieved" in the statute refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation.' (cites omitted) 'To be "aggrieved" is to have a legal right the infringement of which by the decree complained of will cause pecuniary injury.' (cites omitted)"
>
> . "The appellant must have a legal interest which will be enlarged or diminished by the result of the appeal. (cites omitted) . . ."

In addition to the above, the following Indiana cases are helpful:

> ". . . in order for a party to be entitled to appeal from a final judgment, it must appear that he has a substantial interest in the subject matter of the litigation and that he is prejudiced or aggrieved from the judgment or decree from which he seeks to appeal. . . . (cites omitted)" *Clay v. Hamilton* (1945), 116 Ind. App. 214, 63 N. E. 2d 207.

In *Campbell et al. Co.* v. *Souders* (1917), 64 Ind. App. 138, 115 N. E. 354, two (2) insurance companies were involved in a suit arising out of a Workman's Compensation Award. However, only one of the companies was held liable. In dismissing the appeal which was brought by the other insurance company, the Appellate Court stated:

> "In order that a person may be entitled to maintain an appeal, it must appear that as party or privy, he has a substantial interest in the subject-matter of the litigation, and that he is prejudiced or aggrieved by the judgment or decree from which he seeks to appeal. (cites omitted.) If a stranger to the record, or if the judgment appealed from does not on its face affect him, but in some manner he has become privy to liability thereunder so that he has an appealable interest therein, his right to appeal, not otherwise appearing from the record, should be made to appear by the assignment of error. (cites omitted) . . ."

Looking to another jurisdiction, Colorado had a similar situation. In the case of *Smith* v. *City of Aurora* (1963), 153 Colo. 1204, 385 P. 2d 129, there was an attempt by an individual to attack the validity of annexation proceedings. The City of Aurora, Colorado, sought to annex into it some adjacent property. The individual who sought to attack this proceeding did not live in either the City of Aurora or the land to be annexed. In deciding that he was not an "aggrieved person" the Supreme Court of Colorado said, in quoting from *City and County of Denver et al.* v. *Miller et al.* (1963), 151 Colo. 444, 379 P. 2d 169:

" 'The problem here, however, is who is in fact a "person aggrieved"? Does it include any person except those who reside on or own land in the area to be annexed or those taxpayers and citizens who allege they are directly affected and who reside in an *incorporated area* to which the land is being annexed?

'The general rule is that an individual who is a resident of an *unincorporated area,* but not of the particular tract to be detached therefrom by annexation proceedings, is not such a person. The reason is that such person does not suffer, by reason of the annexation, a detriment peculiar to himself as distinguished from the general detriment theoretically shared by all property owners in the governmental unit. See for example Markos v. Cain, (Ohio Com. Pl.), 154 N. E. 2d 196 (1955).' "

We are impressed by the rationale on which this Colorado case is based. We think that its logic is applicable here in a situation where a non-resident of a "blighted area" who has no interest in the area, save for his deposits in a savings and loan association in the area, attempts to intervene in the proceedings and to thwart the efforts of the Commission.

In an attempt to distinguish himself from other "strangers" to the action, appellant stresses that this Urban Renewal Project is to be financed from Federal funds and that since he is a United States taxpayer, he is an aggrieved person. In our exhaustive search we have found no case which would

support the appellant's contention under circumstances similar to those with which we are involved.

> "In a leading decision bearing on this problem with reference to the federal government, the Supreme Court held that a taxpayer of the United States cannot bring suit to enjoin enforcement of a federal appropriation act on the ground that it is invalid and will increase the burden of his taxes. The relationship of a taxpayer of the United States to the federal government is very different from the relationship of a taxpayer of a municipal corporation to the municipal government. His interest in the moneys of the Treasury, partly realized from taxation and partly from other sources, is shared with millions of others. It is comparatively minute and indeterminable. Moreover, the effect on future taxation of any payment out of the funds is so remote, fluctuating, and uncertain, that no basis is afforded for an appeal to the preventive powers of a court of equity." 16 Am. Jur. 2d, Constitutional Law, § 127, p. 325. See also: *Massachusetts* v. *Mellon*, 262 U. S. 447, 67 L. ed. 1078, 43 S. Ct. 597 (1923) ; *Alabama Power Co.* v. *Ickes* (1938), 302 U. S. 464, 82 L. ed. 374, 58 S. Ct. 300; *Reynolds* v. *Wade* (1957), 249 F. 2d 73.

In the face of these authorities appellant's position is untenable and he must yield. Millions of Americans pay taxes to the Federal Government, and this alone cannot be a sufficient grounds for one to attack the workings of our government. To allow this to occur would enable any taxpaying citizen to attack any Federal Project at any place in the country. Such lawsuits would be costly in both time and money as well as being unmeaningful to the administration of justice.

We must conclude that from the evidence adduced at trial, the Trial Judge was warranted in making his findings of fact. Such findings being valid, we are compelled to hold that the appellant is without sufficient injury or interest to be an "aggrieved person" under Burns' § 48-8555, *supra.* There fore, we must affirm the Trial Court in its decision.

Arterburn, Hunter, Jackson and Mote, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 40.