**MERCANTILE NATIONAL BANK OF INDIANA and Calumet National Bank, Appellants–Plaintiffs,**

v.

**TEAMSTERS UNION LOCAL # 142 PENSION FUND, Appellee– Intervenor.**

No. 45A03–9506–CV–208.

Court of Appeals of Indiana.

July 31, 1996.

---

Rebecca H. Fischer, Lewis C. Laderer, Jr., Laderer & Fischer, P.C., South Bend, for Appellants.

Teresa A. Massa, Terrell & Thrall, Valparaiso, for Appellee.

## OPINION

STATON, Judge.

Mercantile National Bank of Indiana and Calumet National Bank (collectively "Lenders") appeal from the trial court's grant of a motion for relief from judgment in favor of Teamsters Union Local # 142 Pension Fund ("Union"). In this appeal, Lenders present two issues for our review, only one of which we must address. The issue dispositive of this appeal is whether the trial court abused its discretion in granting Union's motion for relief from judgment.

We reverse.

The facts most favorable to the judgment reveal that Lenders commenced a foreclosure action against Highland Lumber & Supply, Inc. ("Highland"). Lenders sought to keep Highland from dissipating collateral by requesting a temporary restraining order. After a hearing, the trial court entered an order restraining Highland from dissipating any of the business property of Highland provided, however, that "Highland may use said proceeds to pay all payroll and payroll taxes accrued through and including March 20, 1995. . . ." Record at 292. The next day, March 21, 1995, Lenders and Highland submitted an agreed prejudgment order and an agreed final judgment (collectively "agreed judgments"), which were entered by the court. The agreed prejudgment order provided in pertinent part:

4. That Lenders shall pay all payroll and payroll taxes accrued through and including March 20, 1995, and pay all Indiana sales tax liability accrued through and including March 20, 1995. Lenders' obligation to make such payments shall not exceed $95,426.73 in the aggregate.

Record at 297.

Union was unaware of the temporary restraining order and agreed judgments.

Highland and Union were parties to a collective bargaining agreement which obligated Highland to pay pension fund contributions to Union on behalf of its members. Highland failed to pay the pension fund contributions from November 1, 1994 through March 20, 1995, when Highland ceased doing business. During February and March 1995, Union unsuccessfully attempted to collect the pension fund arrearage from Highland. It was not until after the temporary restraining order hearing on March 20, 1995, that Union was notified that Highland had ceased operations.

On March 30, 1995, Union filed a motion to intervene. After discovering that a final judgment and order had been entered in the case pursuant to the agreed judgments, Union filed an amended motion to intervene on April 3, 1995, which was subsequently granted by the trial court. On that same day, Union also filed a motion for relief from judgment. Pursuant to Ind. Trial Rule 60, Union requested that the court find that the direction to "pay all payroll" included payment of delinquent pension fund contributions. Record at 315. After a hearing on Union's motion, the trial court granted Union's motion and interpreted the agreed judgments to require Lenders to pay pension fund contributions in the amount of $8,924.00 to Union. Lenders now appeal.

■ Lenders contend that the trial court erred in granting Union's motion for relief from judgment. The grant or denial of a motion for relief from judgment is left to the equitable discretion of the trial court. We will reverse only for abuse of that discretion. *Gipson v. Gipson*, 644 N.E.2d 876, 877 (Ind. 1994).

Lenders argue that the trial court lacked authority to alter or amend the agreed judgments between Lenders and Highland without the assent of the parties. On the other hand, Union argues that the trial court had the power to interpret the agreed judgments to include the additional pension fund contributions.

■ Union intervened in this action after the agreed judgments were entered by the trial court. An intervenor is treated as if it was an original party and has equal standing with the parties. *Panos v. Perchez*, 546 N.E.2d 1253, 1254 (Ind.Ct.App.1989); *see also Home Builder's Ass'n of Ind. Inc. v. Ind. Util. Regulatory Comm'n*, 544 N.E.2d 181, 184 (Ind.Ct.App.1989) (intervenor in administrative proceeding is bound by all stipulations and rulings prior to the time he is made a party and takes the case as he finds it). An intervenor is not permitted to relitigate matters already determined in the case. *Panos, supra*, at 1254. A party's intervention after judgment binds the intervenor to all prior orders and judgments in the case. *Id.* Here, when the agreed judgments were entered by the trial court, the judgments were conclusive as adjudications by the parties. Union intervened subsequent to the entry of the agreed judgments; thus, they are bound by those judgments.

■ Moreover, Indiana courts have consistently held that absent a claim of fraud or lack of consent, a trial court must approve an agreed judgment. *State ex rel. Prosser v. Ind. Waste Systems, Inc.*, 603 N.E.2d 181, 186 (Ind.Ct.App.1992). A judge has only the ministerial duty of ordering the agreement entered of record. Such a decree does not represent the judgment of the court. It is merely the agreement of the parties, consented to by the court. *State v. Huebner*, 230 Ind. 461, 104 N.E.2d 385, 387–88 (1952), *reh. denied; Prosser, supra*, at 186. In *Huebner*, our supreme court stated: "That the judgment was rendered by consent of the parties does not detract from its dignity or lessen its conclusiveness as an adjudication between the parties, but the consent is a waiver of error precluding a review upon appeal." *Huebner, supra*, at 388. In addition, this court has noted that a trial court has no authority or power to modify or change a consent judgment in any essential or material matter. *Hendrickson v. Hendrickson*, 531 N.E.2d 544, 546 (Ind.Ct.App. 1988), *trans. denied.*

■ In this case, the agreed prejudgment order specifically states, "Lenders' obligation to make such payments shall not exceed $95,426.73 in the aggregate." Record at 297. By awarding Union additional money, the trial court modified the judgment in a mate-

rial matter, which it had no authority or power to do. Moreover, the trial court could not have been interpreting the terms of the agreed judgment because the terms expressly limit Lenders' liability to $95,426.73. *See Hendrickson, supra.* The judgment, by its own terms, leaves no option for increasing that amount. Thus, the trial court abused its discretion by awarding Union an additional $8,924.00.[1]

Union is asking us to allow a party to intervene in order to attack an agreed judgment between two other parties. If we allow Union to do so, we would be eroding and undermining the cardinal principle of finality. This we cannot do. We must encourage litigants to settle their controversies by agreed judgments. If interpretation, review and appeal of agreed judgments are permitted, the entire purpose of agreed judgments is defeated.

We conclude that by intervening, Union is treated as an original party and is bound by the prior agreed judgments between Lenders and Highland. Therefore, the trial court abused its discretion by granting relief pursuant to T.R. 60. *See Prosser, supra* (T.R. 60(B) is inapplicable to the modification of a pre-existing agreed judgment). We reverse the grant of Union's motion for relief from judgment.

Reversed.

GARRARD and BARTEAU, JJ., concur.

---

**1.** Union relies upon *General Discount Corp. v. Weiss Mach. Corp.,* 437 N.E.2d 145, 150–51 (Ind. Ct.App.1982), for support of its argument that the trial court has inherent power to determine whether a judgment has been carried out. The present case is distinguishable because Lenders have fulfilled their obligation and there is nothing for the court to interpret. Thus, Union's argument is unpersuasive.