**CITY OF NEW HAVEN,
Indiana, Appellant,**

v.

**CHEMICAL WASTE MANAGEMENT OF INDIANA, L.L.C., Chemical Waste Management, Inc., and WMX Technologies, Appellees.**

No. 02A03–9606–CV–203.

Court of Appeals of Indiana.

Sept. 5, 1997.

James P. Fenton, Alan VerPlanck, Cathleen M. Shrader, Barrett & McNagny, Fort Wayne, for Appellant.

George M. Plews, Timothy J. Paris, Plews Shadley Racher & Braun, Indianapolis, for Appellees.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

This case comes to this court on a motion to dismiss an appeal brought by the City of New Haven, Indiana (the "City"). Chemical Waste Management of Indiana, L.L.C., Chemical Waste Management, Inc., Waste Management, Inc. and WMX Technologies, Inc. (collectively "CWMI") filed a motion to dismiss the City's consolidated appeal of two trial court judgments on the ground that a settlement agreement reached between CWMI (appellee/defendant below), the Allen County Zoning Administrator, and the Allen County Board of Zoning Appeals (plaintiffs below), has rendered moot the present consolidated appeal brought by the City (appellant/intervening plaintiff and remonstrator below). We disagree with CWMI and deny its motion to dismiss the City's appeal.

### PROCEDURAL BACKGROUND

A somewhat simplified version of the complex procedural background follows.

#### CP–308

The parties' relevant involvement with one another began on February 23, 1993, when the City filed its "Complaint to Enforce Zoning Ordinance and for Declaratory Relief" naming the Allen County Board of Zoning Appeals (the "BZA") and CWMI as defendants. The City alleged that CWMI was operating its landfill facility in violation of the Allen County Zoning Ordinance and sought a court order for CWMI to cease operations. During the pendency of the City's zoning enforcement proceedings ("CP–308"), and in response to the trial court's initial orders in CP–308, the Allen County Zoning Administrator served several "stop work orders" on CWMI, after which time CWMI moved to join the Zoning Administrator as a party to the City's zoning enforcement case. In addition to issuing several stop work orders, the Zoning Administrator filed its counterclaim and an application for injunctive relief against CWMI. All parties moved for summary judgment in CP–308. The trial court issued its findings, conclu-

sions, and order granting in part and denying in part CWMI's motion for summary judgment. The relevant portion of the trial court's order stayed all further proceedings "pending CWMI's exhaustion of administrative remedies before any administrative agencies having primary jurisdiction over CWMI's land use."

#### CP–764

Accordingly, CWMI initiated an appeal to the BZA challenging, among other things, the Zoning Administrator's stop work orders. During the pendency of the BZA appeal, the Zoning Administrator issued additional stop work orders, as well as two notices of violation. On April 12 and 24, 1995, the BZA heard CWMI's appeals of the Zoning Administrator's stop work orders and notices of violation. The City appeared at the BZA hearings and urged the BZA to affirm all of the Zoning Administrator's orders. The BZA issued its decisions on May 10, 1995, affirming some of the Zoning Administrator's orders and reversing others.

On June 1, 1995, CWMI filed a petition for writ of certiorari in the trial court challenging those BZA determinations which were adverse to CWMI ("CP–764"). The City filed its appearance in the certiorari case as a remonstrator. On February 6, 1996, the trial court issued numerous orders which affirmed in part and reversed in part the findings of the BZA. The trial court certified its decision as a final appealable order pursuant to Trial Rule 54(B). Thereafter, the BZA, the Zoning Administrator, and the City initiated an appeal of CP–764.

#### CP–642

During the pendency of the CP–764 certiorari case before the trial court, the BZA filed a verified complaint for injunctive relief, damages, and attorney fees, seeking to enforce those orders of the Zoning Administrator which the BZA had affirmed and which were adverse to CWMI ("CP–642"). The BZA also sought penalties against CWMI under the Allen County Zoning Ordinance. The City filed a petition to intervene as a plaintiff in the BZA's enforcement action. The trial court granted the City's petition

and joined the City as a permissive intervening party in CP–642.

The parties moved for summary judgment in CP–642. On February 6, 1996, at the same time the trial court issued its ruling in CP–764, the trial court also issued its ruling in CP–642, granting in part and denying in part CWMI's motion for summary judgment. The BZA, the Zoning Administrator, and the City filed a joint praecipe for appeal of CP–642.

### Agreed Judgment

On July 19, 1996, the BZA, the Zoning Administrator, and CWMI reached a settlement agreement and subsequently filed motions in CP–308, CP–764 and CP–642 requesting the trial court to enter an agreed judgment in each case. The trial court entered an agreed judgment in each case dismissing all claims with prejudice. The City was not a party to the agreed judgment.

### Present Appeal

As a result of the agreement reached between those parties, the BZA and the Zoning Administrator dismissed their appeal of CP–642 and CP–764. The City, now the sole appellant, brings a consolidated appeal of the trial court's rulings in CP–642 and CP–764.[1]

### ISSUES

In its motion to dismiss the City's consolidated appeal of CP–642 and CP–764, CWMI presents several issues for our review. Some of CWMI's asserted issues go to the merits of the City's appeal and, thus, are not proper for consideration on a motion to dismiss. We find two issues proper for our review at this juncture which we restate as:

1. Whether the City, as a permissive intervening party below, may maintain an appeal of a judgment when the original parties to the dispute have settled their claims and dismissed the case as between themselves.

2. Whether the City, as a remonstrator below, may maintain an appeal of a ruling on certiorari when the party who filed the petition for certiorari has settled its dispute with the BZA and the Zoning Administrator.

### DISCUSSION AND DECISION

### Issue One: Permissive Intervenor

■ As we have noted, CP–642 was a zoning enforcement action brought by the BZA. The City's involvement in CP–642 was as a permissive intervening plaintiff under Indiana Trial Rule 24(B)(2).[2] In support of its motion to dismiss the City's appeal, CWMI contends that following the settlement and dismissal of the case between the original parties, the City, as a permissive intervenor, may not maintain an appeal to this court. Essentially, CWMI asks this court to question our jurisdiction to hear the present appeal.

■ Indiana law provides that an intervenor takes the case as he finds it and cannot change the issues or raise unrelated issues. *Cromer v. Sefton,* 471 N.E.2d 700, 705 (Ind. Ct.App.1984); *see also Heritage House of Salem, Inc. v. Bailey,* 652 N.E.2d 69, 74 (Ind.Ct.App.1995), *trans. denied.* Accordingly, one should not be granted permissive intervention if the effect of granting the motion would be to open up new areas of inquiry or raise unrelated issues. *Heritage House of Salem, Inc.,* 652 N.E.2d at 69. Although one who has been granted permissive intervening status cannot later interject new areas of inquiry or raise unrelated is-

---

1. A pre-appeal conference was held in this matter on September 25, 1996.

2. That rule provides:

    **(B) Permissive Intervention.** Upon timely filing of his motion anyone may be permitted to intervene in an action:

    \* \* \* \* \* \*

    (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies

for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to statute or executive administrative order, the governmental unit upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

sues, the question remains as to what rights the intervening party has to continue to pursue issues raised by the original parties where those parties have decided to settle and/or dismiss the case as between themselves.

The parties do not cite, and we are unaware of, any Indiana decision addressing the rights a permissive intervenor may or may not have in the event of a settlement and/or dismissal of the case as between the original parties to the lawsuit. We note that Trial Rule 24 is similar to its federal counterpart and, thus, we will consider federal authority a useful guide in our opinion today. *See Keith v. Mendus,* 661 N.E.2d 26, 34 (Ind.Ct.App.1996), *trans. denied; Bryant v. Lake County Trust Company,* 166 Ind.App. 92, 334 N.E.2d 730, 735 (1975). However, we stress that we are not bound by the federal courts' interpretation or application of federal rules of procedure when applying this State's rules. *Rickels v. Herr,* 638 N.E.2d 1280, 1283 (Ind.Ct.App.1994). We·are particularly cognizant of that notion here where we are not concerned merely with the application of one of our procedural rules, but where a party questions this court's appellate jurisdiction as it relates to that rule; an appellate jurisdiction which is dissimilar to that of the federal courts. With this in mind, we consider the issue at hand.

■ Generally, one who has been allowed to intervene in an action may appeal from subsequent orders in the action. 7C Charles Alan Wright, Arthur R. ·Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1923 (1986). As noted by the Ninth Circuit Court of Appeals, approximately half of the circuits have addressed the rights of an intervenor after dismissal of the party who originated the case under Federal Rule of Civil Procedure 24, and all have reached the same conclusion. "The weight of authority in the United States Court[s] of Appeals supports the principle that an intervenor can continue to litigate after dismissal of the party who originated the action." *Benavidez v. Eu,* 34 F.3d 825, 830 (9th Cir.1994) (quoting *United States Steel Corp. v. E.P.A.,* 614 F.2d 843, 845 (3d Cir.1979)).[3] Most of the circuits that have reached that conclusion have set standards for determining under what circumstances an intervening party may continue to litigate after dismissal of the original party and have generally adopted, *inter alia,* the approach that an intervenor may continue provided that an independent basis for jurisdiction.exists. *See Benavidez,* 34 F.3d at 830.[4]

CWMI urges this court to adopt that same standard set by the federal circuits and to hold that, in the absence of the party who originated the suit, a permissive intervening party may only continue to litigate, including the pursuit of an appeal, if the permissive intervenor has established an independent "statutory" basis for this court's jurisdiction. CWMI notes that the federal courts invariably require the intervenor to cite to a statute which provides the intervenor with an independent statutory basis for jurisdiction, and in this case, the City has failed to do so. However, CWMI's argument is flawed, as it fails to consider the difference between federal court and state court subject-matter jurisdiction.

■ The power of federal courts to hear and decide cases is defined by Article III of the United States Constitution and by the federal statutes enacted thereunder. *Karcher v. May,* 484 U.S. 72, 77, 108 S.Ct. 388, 392–93, 98 L.Ed.2d 327 (1987). If, for example, the originating party is absent, it has

3. Also citing *Arkoma Assoc. v. Carden,* 904 F.2d 5 (5th Cir.1990), *cert. denied* 498 U.S. 967, 111 S.Ct. 429, 112 L.Ed.2d 413 (1990); *Horn v. Eltra Corp.,* 686 F.2d 439 (6th Cir.1982); *Miller & Miller Auctioneers, Inc. v. G.W. Murphy Indus., Inc.,* 472 F.2d 893 (10th Cir.1973); *Atkins v. State Bd. of Educ.,* 418 F.2d 874 (4th Cir.1969); *cf. Aeronautical Radio, Inc. v. F.C.C.,* 983 F.2d 275 (D.C.Cir.1993).

4. We note that some courts have permitted an intervenor to continue even absent an independent basis for jurisdiction. *See e.g. United States Steel Corp. v. EPA,* 614 F.2d 843, 845 (3d Cir. 1979) (permitted continuation of suit by intervenor because party who left the case had originally provided valid subject matter jurisdiction); *EEOC v. International Brotherhood of Electrical Workers,* 506 F.Supp. 480, 482–83 (D.Mass.1981) (permitted intervenor who had not fulfilled jurisdictional prerequisites to maintain suit originally brought by EEOC which had also failed to fulfill jurisdictional prerequisites).

been necessary for federal courts to look to an intervenor's ability to independently meet federal question jurisdiction pursuant to 28 U.S.C. § 1331, *Benavidez,* 34 F.3d at 830, or the intervenor's ability to meet diversity jurisdiction pursuant to 28 U.S.C. § 1332, *Arkoma Assoc. v. Carden,* 904 F.2d 5, 7 (5th Cir.1990), *cert. denied* 498 U.S. 967, 111 S.Ct. 429, 112 L.Ed.2d 413 (1990), in order to sustain the federal court's subject-matter jurisdiction over the controversy. As do Indiana Courts, federal courts have an obligation sua sponte to raise issues concerning subject-matter jurisdiction whether it be the appellate court's or the district court's jurisdiction that is in doubt. *Benavidez,* 34 F.3d at 830; *see Santiago v. Kilmer,* 605 N.E.2d 237, 240 (Ind.Ct.App.1992), *trans. denied.*

■ The power of this court to hear appeals is not limited by the same parameters as the federal circuit courts of appeals. Our ability to exercise subject-matter jurisdiction is by virtue of the authority vested in the Indiana Supreme Court to specify by rule the terms and conditions of such jurisdiction. IND. CONST., art. 7, § 6; *see State v. Pease,* 531 N.E.2d 1207, 1208 (Ind.Ct.App.1988). Our state supreme court has provided by rule those appeals which may be taken directly to the supreme court, and has further provided that "[I]n all other cases, appeals shall be taken to the Court of Appeals." Ind.Appellate Rule 4(B). Provided that certain procedural requirements are met, appeals may be taken by either "party" from all final judgments and from interlocutory orders under specified circumstances. App.R. 4(A) & (B).[5]

■ We agree that one who is not a party or has not been treated as a party to a lawsuit has no right to appeal from a judgment rendered therein. *Karcher,* 484 U.S. at

77, 108 S.Ct. at 392–93. However, one who is not an original party to a lawsuit may of course become a party and, in effect, gain the right to appeal, by intervention, substitution, or third-party practice. *See id.* (citations omitted).[6]

As stated earlier, the trial court granted the City intervening status pursuant to Trial Rule 24(B)(2) because its claims against CWMI had questions of law or fact in common with the BZA's claims. Because the trial court concluded that the City met the common question condition of permissive intervention, the City was properly before the trial court as a party. The City's status as a party to the lawsuit and the judgment rendered therein does not end merely because the original parties decided to settle their claims and to forego the pursuit of an appeal. Dismissal of the suit as between the original parties does not render moot the City's claims. There is no indication that the City has failed to meet the procedural requirements to bring an appeal to this court. As a party to the judgment rendered in CP–642, the City has the right to appeal that judgment to the extent that it is adverse to those interests which made intervention possible in the first place. This court has subject-matter jurisdiction over the City's appeal of CP–642.

### Issue Two: Remonstrator

CWMI next contends that because the City did not file its own petition for writ of certiorari to the trial court challenging the BZA's determinations, the City, as a remonstrator, may not maintain an appeal of the trial court's judgment in CP–764. Again, we must disagree.

■ Indiana Code § 36–7–4–1000, *et seq.* provides for remedies and enforcement of BZA decisions. Each person aggrieved by a

---

5. We note that this court is vested by rule with original jurisdiction to review decisions of certain administrative agencies. App.R. 4(C).

6. After implicitly noting an intervening party's right to appeal, the Court in *Karcher* went on to conclude that the intervening defendants lacked such authority under the specific circumstances presented. In *Karcher,* legislative officers intervened as defendants in a lawsuit in their official capacities as presiding officers on behalf of the New Jersey legislature. After they lost their

posts as presiding legislative officers, the intervening defendants attempted to bring an appeal in their capacities as individual legislators. The Court concluded that because the defendants participated in the lawsuit in their official capacities, and because they were never granted permission to participate in the lawsuit as individual legislators, those defendants lost their intervenor status and lacked authority to pursue an appeal. *Id.* at 81, 108 S.Ct. at 394–95.

BZA decision may present, to the circuit or superior court of the county in which the premises affected are located, a petition for review by writ of certiorari consisting of "a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality." IND.CODE § 36–7–4–1003. Upon filing a petition for a writ of certiorari, the petitioner shall have a notice served on each adverse party, as shown by the record of the case in the office of the BZA. IND.CODE § 36–7–4–1005(a). An "adverse party" is "any property owner whose interests are opposed to the petitioner ... and who appeared at the hearing before the [BZA] either in person or by a written remonstrance or other document that is part of the hearing record." IND.CODE § 36–7–4–1005(b). Following a trial court's entry of judgment in certiorari proceedings, Indiana Code § 36–7–4–1011 provides the procedure for bringing an appeal as follows:

An appeal may be taken to the court of appeals from the final judgment of the court reversing, affirming, or modifying the decision of the board of zoning appeals. This appeal must be taken in the same manner and on the same terms as appeals in other civil actions.

As conceded by CWMI, the City appeared at the BZA's hearings and urged the BZA to affirm all of the Zoning Administrator's SWOs and NOVs. Accordingly, the City was an "adverse party" as defined by Indiana Code § 36–7–4–1005(b). Thereafter, the City appeared as a remonstrator in the certiorari proceedings in the trial court.

CWMI cites this court to no authority which would preclude the City from maintaining an appeal, in its own right, from the certiorari proceedings. Indeed, we have found authority in which remonstrators have successfully appealed a trial court's judgment on writ of certiorari filed by another party. *See e.g. Bradley v. Bankert,* 616 N.E.2d 18, 19 (Ind.Ct.App.1993) (remonstrators appealed trial court's judgment on certiorari which reversed decision of BZA), *trans. denied.* Contrary to CWMI's assertion, it is of no moment that the City did not file its own petition for writ of certiorari challenging the BZA's determinations. As an adverse party

to CWMI and remonstrator in the certiorari proceedings, the City has the right to appeal the trial court's judgment in CP–764. Indiana Code § 36–7–4–1011 does not limit the right to appeal to only the "petitioner" for certiorari. Moreover, as provided by statute, an appeal from certiorari proceedings is taken in the same manner as appeals in other civil actions. *See* IND.CODE § 36–7–4–1011. As we noted in *Issue One,* Indiana Appellate Rule 4(A) states that an appeal may be taken by "either party." We conclude that the City was a party to the certiorari proceedings and, thus, has the right to appeal CP–764.

■ The only issues properly before the trial court in CP–764 were those BZA determinations challenged in CWMI's writ. *See Board of Zoning Appeals v. Cochran,* 456 N.E.2d 1047, 1051 (Ind.Ct.App.1983). However, we disagree with CWMI that, on appeal, the City is constrained to argue those issues in CWMI's favor. Some of the trial court's rulings on CWMI's challenge to the BZA determinations were favorable to CWMI and others were not. Thus, while the City cannot now challenge any BZA decisions which were not raised below, the City may assert error in the trial court's rulings which were adverse to its interest (those orders which reversed the BZA in favor of CWMI). CWMI has failed to establish grounds for dismissal of the City's appeal of CP–764.

Motion to dismiss denied.

HOFFMAN and STATON, JJ., concur.