CITY OF NEW HAVEN, Indiana; Donald A. Gorr, Thomas L. Gratz, Robert G. Beineke, Cheryl L. Hitzemann and Joe A. Mitchell, Appellants–Petitioners, Intervening Plaintiffs and Remonstrator,

v.

ALLEN COUNTY BOARD OF ZONING APPEALS; Dennis Gordon, Allen County Zoning Administrator; and Chemical Waste Management of Indiana, L.L.C., Appellees–Respondents, Petitioner, Plaintiffs and Defendants.

No. 02A03–9609–CV–347.

Court of Appeals of Indiana.

April 30, 1998.

See also, 685 N.E.2d 97.

James P. Fenton, Alan VerPlanck, Cathleen M. Shrader, Barrett & McNagny, Fort Wayne, for Appellant–Petitioner, Intervening Plaintiff and Remonstrator City of New Haven.

David VanGilder, Avery Boyer & VanGilder, Fort Wayne, for Appellant–Petitioner, Intervening Plaintiff and Remonstrator Citizen Intervenors.

Mark E. Giaquinta, Robert W. Eherenman, Haller & Colvin, P.C., Fort Wayne, for Appellee–Respondent, Petitioner, Plaintiff and Defendant Chemical Waste Management of Indiana, L.L.C.

Craig R. Finlayson, Swift & Finlayson, Fort Wayne, for Appellee–Respondent, Petitioner, Plaintiff and Defendant Allen County Board of Zoning Appeals.

R. John Wray, Wray & Associates, Fort Wayne, for Appellee–Respondent, Petitioner, Plaintiff and Defendant Dennis Gordon, Allen County Zoning Administrator.

## OPINION

HOFFMAN, Judge.

Appellants-petitioners, intervening plaintiffs and remonstrator City of New Haven, Indiana; Donald A. Gorr, Thomas L. Gratz, Robert G. Beineke, Cheryl L. Hitzemann and Joe A. Mitchell (collectively referred to as "City") bring this consolidated appeal from the entry and certification of an agreed judgment entered into by appellees-respondents, petitioner, plaintiffs and defendants Allen County Board of Zoning Appeals (BZA); Dennis Gordon, Allen County Zoning Administrator (Zoning Administrator); and Chemical Waste Management of Indiana, L.L.C. (CWMI) concerning the operation and existence of a landfill, owned and operated by CWMI and located in an unincorporated area of Allen County, Indiana, and from the trial court's dismissal of City's petition for writ of certiorari challenging the actions of the BZA in entering into the judgment. A simplified version of the complex procedural background was set forth in *City of New Haven v. Chemical Waste*, 685 N.E.2d 97 (Ind.Ct. App.1997), *trans. dismissed:*

### CP–308

The parties' relevant involvement with one another began on February 23, 1993, when the City filed its 'Complaint to Enforce Zoning Ordinance and for Declaratory Relief' naming the Allen County Board of Zoning Appeals (the 'BZA') and CWMI as defendants. The City alleged that CWMI was operating its landfill facility in violation of the Allen County Zoning Ordinance and sought a court order for CWMI to cease operations. During the pendency of the City's zoning enforcement proceedings ('CP–308') [Allen Superior Court Cause No. 02D01–9302–CP–308], and in response to the trial court's initial orders in CP–308, the Allen County Zoning Administrator served several 'stop work orders' on CWMI, after which time CWMI moved to join the Zoning Administrator as a party to the City's zoning enforcement case. In addition to issuing several stop work orders, the Zoning Administrator filed its counterclaim and an application for injunctive relief against CWMI. All parties moved for summary judgment in CP–308. The trial court issued its findings, conclusions, and order granting in part and denying in part CWMI's motion for sum-

mary judgment. The relevant portion of the trial court's order stayed all further proceedings 'pending CWMI's exhaustion of administrative remedies before any administrative agencies having primary jurisdiction over CWMI's land use.'

## CP-764

Accordingly, CWMI initiated an appeal to the BZA challenging, among other things, the Zoning Administrator's stop work orders. During the pendency of the BZA appeal, the Zoning Administrator issued additional stop work orders, as well as two notices of violation. On April 12 and 24, 1995, the BZA heard CWMI's appeals of the Zoning Administrator's stop work orders and notices of violation. The City appeared at the BZA hearings and urged the BZA to affirm all of the Zoning Administrator's orders. The BZA issued its decisions on May 10, 1995, affirming some of the Zoning Administrator's orders and reversing others.

On June 1, 1995, CWMI filed a petition for writ of certiorari in the trial court challenging those BZA determinations which were adverse to CWMI ('CP-764') [Allen Circuit Court Cause No. 02C01-9506-CP-764]. The City filed its appearance in the certiorari case as a remonstrator. On February 6, 1996, the trial court issued numerous orders which affirmed in part and reversed in part the findings of the BZA. The trial court certified its decision as a final appealable order pursuant to Trial Rule 54(B). Thereafter, the BZA, the Zoning Administrator, and the City initiated an appeal of CP-764.

## CP-642

During the pendency of the CP-764 certiorari case before the trial court, the BZA filed a verified complaint for injunctive relief, damages, and attorney fees, seeking to enforce those orders of the Zoning Administrator which the BZA had affirmed and which were adverse to CWMI ('CP-642') [Allen Circuit Court Cause No. 02C01-

9506-CP-642]. The BZA also sought penalties against CWMI under the Allen County Zoning Ordinance. The City filed a petition to intervene as a plaintiff in the BZA's enforcement action. The trial court granted the City's petition and joined the City as a permissive intervening party in CP-642.

The parties moved for summary judgment in CP-642. On February 6, 1996, at the same time the trial court issued its ruling in CP-764, the trial court [Paul R. Cherry, Special Judge] also issued its ruling in CP-642, granting in part and denying in part CWMI's motion for summary judgment. The BZA, the Zoning Administrator, and the City filed a joint praecipe for appeal of CP-642[1].

## Agreed Judgment

On July 19, 1996, the BZA, the Zoning Administrator, and CWMI reached a settlement agreement and subsequently filed motions in CP-308, CP-764 and CP-642 requesting the trial court to enter an agreed judgment in each case. The trial court entered an agreed judgment in each case dismissing all claims with prejudice. The City was not a party to the agreed judgment.

*Id.* at 99–100.

On August 19, 1996, City filed a petition for writ of certiorari in the Allen Circuit Court, Judge Thomas L. Ryan, Cause No. 02C01-9608-CP-881 (CP-881), challenging the agreed judgment. Specifically, City alleged that the agreement was, *inter alia*, corrupt, unlawful, and an *ultra vires* act by the BZA. On September 5, 1996, the BZA, Zoning Administrator, and CWMI filed a motion before Judge Cherry to consolidate City's certiorari proceeding with the BZA's enforcement action. The BZA and CWMI then filed a motion to dismiss City's certiorari proceeding. On September 18, 1996, City filed a motion for change of judge from Judge Ryan pursuant to Ind.Trial Rule 76. Thereafter, Judge Cherry granted the mo-

---

1. *See City of New Haven v. Chemical Waste Management of Indiana, L.L.C.,* 685 N.E.2d 97, currently pending before this Court.

tion to consolidate the BZA's enforcement action with City's certiorari proceeding.

On September 23, 1996, the trial court dismissed City's certiorari proceeding finding that City lacked standing as an "aggrieved party" under IND.CODE § 36–7–4–1003(a) (1997 Supp.). Additionally, the trial court directed the clerk to enter the agreed judgment in the chronological case summary and judgment of the court.

City now brings this consolidated appeal from Lower Court Cause Nos. CP–642, CP–764, CP–308, and CP–881 challenging the entry of the agreed judgment and the dismissal of City's petition for a writ of certiorari.

The issues raised by City can be consolidated into two broad categories for review:

(1) whether the trial court erred in entering the agreed judgment; and

(2) whether the trial court erred in dismissing City's petition for a writ of certiorari.

City first challenges the entry and certification of the agreed judgment. Absent a claim of fraud or lack of consent, a trial court must approve an agreed judgment. *State v. Huebner*, 230 Ind. 461, 467, 104 N.E.2d 385, 387–388 (1952); *State ex rel. Prosser v. Ind. Waste Sys.*, 603 N.E.2d 181, 186 (Ind.Ct.App.1992). The trial judge has only the ministerial duty of approving the agreed judgment and entering it in the record. *Mercantile Nat. Bank v. Teamsters Union*, 668 N.E.2d 1269, 1271 (Ind.Ct.App. 1996). However, such a decree does not represent the judgment of the court. *Id.* It is merely an agreement between the parties, consented to by the court. *Id.*

City contends that the trial court was without jurisdiction to certify the agreed judgment under Ind.Trial Rule 54(B) after City filed the record of proceeding in its interlocutory appeal of the trial court's orders in Appellate Cause No. 02A03–9606–CV–203. An appeal of a final judgment transfers general jurisdiction of the case to this Court, thereby suspending any further action by the trial court. Ind.Appellate Rule 3(A); *Bradley v. State*, 649 N.E.2d 100, 106 (Ind.1995). However, there are situations in which a trial court may retain jurisdiction and act notwithstanding a pending appeal. *Id.* Specifically, a trial court retains jurisdiction to perform such ministerial tasks as reassessing costs, correcting the record, or enforcing a judgment. *Id.*

> When, as in the instant case, the parties plaintiffs and defendants stipulate the findings of fact and the conclusions of law and hand these stipulations to the judge in open court, ... the court is not called upon to perform a judicial act. The writing is in fact a consent finding and judgment, and the duty of the court is ministerial—to have the writing entered as agreed upon.
>
> In the absence of fraud, parties who are competent to contract and not standing in confidential relations to each other may agree to the rendition of a judgment or decree respecting any right which may be the subject of litigation. When such a decree is entered it is a decree by consent. A consent decree is not a judicial determination of the rights of the parties. It does not purport to represent the judgment of the court, but merely records the agreement of the parties with respect to the matters in litigation. Such decree cannot be reviewed by appeal.

*Huebner*, 230 Ind. at 467–468, 104 N.E.2d at 387–388 (citations omitted).

Although, pursuant to App.R. 3(A), the trial court lost general jurisdiction when the record of the proceedings was filed with the Clerk of the Court of Appeals of Indiana on September 20, 1996, the trial court nevertheless retained jurisdiction to enter the agreed judgment which settled the issues between the Zone Administrator, the BZA and CWMI obviating the need for the parties to pursue an appeal of the issues. When the agreed judgment was presented to the trial judge, he had no judicial function to perform. He had only the ministerial duty of ordering the agreement entered of record. Such a decree does not represent the judgment of the court. It is merely the agreement of the parties consented to by the court. *Id.*, at 467–468, 104 N.E.2d at 387–388; *Mercantile Nat. Bank*, 668 N.E.2d at 1271; *Prosser*, 603 N.E.2d at 186.

City further contends that the trial court should have reviewed the merits of the agreed judgment. Unlike the federal courts which appear to have discretion to review substantive provisions of the parties' agreed judgment, this state has repeatedly held that, absent fraud or lack of consent, a trial court *must* approve an agreed judgment. *Prosser,* 603 N.E.2d at 186. Further, in *Huebner,* our supreme court precluded the review of such agreements:

> If an appeal should be allowed from a consent decree, the appellate court would examine the record not to determine error, but to determine whether or not the parties erred in making the stipulation or in giving their consent thereto. Appellate courts do not have such authority.

*Id.* at 469, 104 N.E.2d at 388; *see also McNelis v. Wheeler,* 225 Ind. 148, 152–157, 73 N.E.2d 339, 340–342 (1947) (no appeal lies from a consent decree).

Here, the record fails to reveal the existence of any claim of fraud or lack of consent in entering the agreement. In fact, City is not even a party to the agreed judgment; therefore, the trial court's only duty was to enter the agreed judgment. Similarly, this Court has no authority to make an independent review of the substantive provisions of the agreed judgment entered into by the Zoning Administrator, the BZA, and CWMI.

Next, City argues that the trial court erred in dismissing its certiorari petition. The trial court dismissed City's petition for writ of certiorari for failure to state a claim upon which relief may be granted pursuant to Ind.Trial Rule 12(B)(6). The trial court determined that City was not an "aggrieved" party, and, therefore, City lacked standing to challenge the BZA's action of settling its involvement in the litigation with CWMI.

Upon review of the trial court's dismissal for lack of standing, this Court's standard of review is well-established. The facts alleged in the complaint must be taken as true and only where it appears that under no set of facts could the plaintiff be granted relief is dismissal appropriate. *Brenner v. Powers,* 584 N.E.2d 569, 573 (Ind.Ct.App.1992), *trans.*

*denied.* However, only well-pleaded material facts must be taken as admitted. *Id.*

Indiana Planning and Development Act provides remedies for those persons who are "aggrieved" by a "decision" of the board of zoning appeals or the plan commission. IND.CODE § 36–7–4–1003(a) (1997 Supp.) provides in part:

> Each person aggrieved by a decision of the board of zoning appeals ... may present, to the circuit or superior court of the county in which the premises affected are located, a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of illegality.

*Id.* Indiana courts have held that a person must be "aggrieved" by a decision to seek redress through the certiorari process. Absent such status or reviewability of the board's decision, a party lacks the statutorily defined standing necessary to obtain judicial review of the Board's decision.

Indiana courts have consistently held that an "aggrieved" party must demonstrate in its petition for writ of certiorari that it has a particular interest not common to the general public. *Wiedenhoft v. City of Michigan City,* 250 Ind. 327, 331, 236 N.E.2d 40, 42 (1968). Indiana does not grant standing to a municipal corporation by virtue of its representative status. *Metro. Development Comm v. Cullison,* 151 Ind.App. 48, 53, 277 N.E.2d 905, 908 (1972), *reg. denied* 151 Ind. App. 48, 279 N.E.2d 812 (1972).

In *Cullison,* this Court interpreted who was an "aggrieved" party under the predecessor of § 1003(a).[2] Specifically, we concluded that the Metropolitan Development Commission had no standing as an "aggrieved" party under the statute because it failed to show any property interest or any other interest not common to the community as a whole:

> While it is beyond the power of the Legislature to deny to legally aggrieved persons the right of judicial review of administrative decisions, it has never, to our knowledge, been suggested in any reported decision of an Indiana court that the Legislature must provide such aggrieved

2. IND.CODE § 18–7–2–76 (1971).

persons with an official representative to assert that right for their benefit. Furthermore, it has never been held that the decisions of boards entrusted with the protection of the public interest cannot be made final as to that *public* interest.

... Either the grant or the denial of a variance may infringe upon the legal interest of persons directly affected. Such persons (remonstrators) may elect to assert such grievances by petitioning for certiorari or they may decide to abandon their right to litigate just as they may elect not to sue for redress of other civil wrongs suffered. When no person who is aggrieved by the variance chooses to seek review by certiorari, the public interest may suffer. It can therefore be persuasively argued that some public official or agency should be authorized to seek judicial review in such cases. But when the Legislature has not made that authorization, courts should not be asked to do so by changing the long established and generally understood meaning of 'aggrieved' in order to attain a result the Legislature has apparently decided is either unnecessary or undesirable.

*Cullison,* 151 Ind.App. at 52–53, 277 N.E.2d at 908 (italics in original) (citations omitted); *accord Williams–Woodland Park v. Bd. of Zoning Appeals,* 638 N.E.2d 1295, 1299 (Ind. Ct.App.1994) (neighborhood association could not show that it owned property or had a legal interest affected by the board of zoning appeals decision; however, individual adjoining or surrounding landowners may be persons "aggrieved" within the meaning of IND. CODE § 36–7–4–1003(a)); *Union Township Residents Ass'n, Inc. v. Whitley Cty. Redevelopment Com'n,* 536 N.E.2d 1044, 1045 (Ind.Ct.App.1989) (township residents association lacked standing because it did not own property or have a legal interest affected by the redevelopment commission's action); *City of Hammond v. Bd. of Zoning Appeals,* 152 Ind.App. 480, 488, 284 N.E.2d 119, 125 (1972) (absent proof of personal and pecuniary interest, a city lacked standing to seek review of the granting of a variance).

■■■ City alleged in its petition that "it is an Indiana municipal corporation an owner of real property, and an aggrieved party." City's status as a "municipal corporation" is insufficient to confer standing. City has failed to allege that it has a sufficient personal or pecuniary interest in the BZA's action of settling the litigation in order to be an aggrieved party. *See id.,* at 488–489, 284 N.E.2d at 125–126. City has also failed to allege that it owns property in close proximity to the property that is the subject of the BZA decision. City's naked allegation that it is an "owner of real property" is insufficient to establish the threshold requirement that it be an "aggrieved" party under Indiana law. Although City argues that its municipal boundary adjoins CWMI's landfill, it has not alleged actual ownership of any adjoining property.

■■■ City further refers this Court to a decision of the Indiana Hazardous Waste Facility Site Approval Authority which found a threat to ground water of Allen County. City contends that the decision established on its face, that City's "petition alleges that the decision of the BZA constitutes a direct threat to the property value of its own real property, which is located in an area which directly adjoins the Adams Center [CWMI's] landfill." City, however, fails to recognize that the siting authority's decision concerned an unrelated proposed expansion to CWMI's facility. This proposed expansion was not the subject of the stop work orders in City's private enforcement action, CP–308; CWMI's certiorari proceedings, CP–764, or the BZA's enforcement action, CP–642. Therefore, the siting authority's findings were unrelated to the current lawsuits and had no applicability to the current operation of CWMI's landfill.

Although City's petition for writ of certiorari alleges in general that it is a landowner and that its city limits directly adjoin the landfill property and that it is an aggrieved party, the petition alleges neither that City owns adjacent property nor that it has suffered some personal or pecuniary interest in the BZA's decision. *See Wiedenhoft,* 250 Ind. at 331–332, 236 N.E.2d at 42 (the alleged "aggrieved" party must show a detriment particular to himself as distinguished from the general detriment theoretically shared by

all property owners in the governmental unit). Accordingly, the trial court did not err in dismissing City's petition for a writ of certiorari in CP–881.

City also asserts that Judge Ryan erred in verbally consolidating City's certiorari petition, CP–881, with the BZA's enforcement action, CP–642. On August 19, 1996, City filed the certiorari petition, CP–881, in the Allen Circuit Court, Judge Ryan. On September 5, 1996, the Zoning Administrator, the BZA, and CWMI filed a motion to consolidate City's certiorari petition, CP–881, and the BZA's enforcement action, CP–642, under Ind.Trial Rule 42. The BZA and CWMI responded to the order to show cause with a motion to dismiss, on September 9, 1996. At this time, City's certiorari petition was still before Judge Ryan.

On September 18, 1996, City filed a motion for change of judge from Judge Ryan pursuant to T.R. 76. Thereafter, Judge Cherry granted the BZA and others' motion to consolidate its enforcement action, CP–642, with City's certiorari proceeding, CP–881. Judge Cherry further granted the motion to dismiss City's writ of certiorari. City failed to raise any specific objection in the trial court to the consolidation of these two cases. Hence, City has waived this issue for appeal. *See Jones v. Marengo State Bank*, 526 N.E.2d 709, 714–715, n. 1 (Ind.Ct.App.1988) (failure to raise a specific objection and argument at trial waives the issue for appeal).

Waiver notwithstanding, the decision to consolidate is purely discretionary and will not be overturned absent a manifest abuse of discretion. *In re Paternity of Tompkins*, 518 N.E.2d 500, 507 (Ind.Ct.App.1988). T.R. 42(D) provides, in part, "[w]hen civil actions involving a common question of law or facts are pending in different courts, a party to any of the actions may, by motion, request consolidation for purpose of discovery and any pretrial proceeding." The motion to consolidate is to be filed in the court with the earliest filing date. T.R. 42(D). More important to the present case, the rule provides:

'Except for cause pursuant to IC 34–1–13–1, the right to a change of venue in any action consolidated under this rule shall be suspended during the period of consolidation. Such right shall be reinstated on entry of an order remanding the action to the court in which it was pending at the time of consolidation and the time for change of venue shall be tolled during the period of suspension.'

*Id.; Stern v. Gresk*, 583 N.E.2d 178, 180 (Ind.Ct.App.1991), *trans. denied.*

Once the motion to consolidate was filed in CP–642, the earliest filed case, City's motion for change of the judge in CP–881 was suspended except for cause as required by IND.CODE § 34–1–13–1. IND.CODE § 34–1–13–1 states that the application must be "made upon affidavit" and that it must allege one or more of the statutorily specified grounds for cause. Here, City's motion for change of judge was not verified and did not set forth any reason for cause. After the motion to consolidate was filed, a change of venue by any party was required to be filed pursuant to IND.CODE § 34–1–13–1, not T.R. 76. City's right to a change of venue was suspended by the filing of the BZA's motion to consolidate.

The trial court also did not err in the entry of the agreed judgment or the dismissal of City's petition for a writ of certiorari. The judgment of the trial court is affirmed.

Affirmed.

SHARPNACK, C.J., and DARDEN, J., concur.